**Paul Houston CROUCH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–427–CR.**

Court of Appeals of Texas,
Fort Worth.

July 13, 1993.

See also, 838 S.W.2d 252.

**600**

David K. Chapman, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Lynn Allison, Asst., Fort Worth, for State.

Before HILL, C.J., and FARRIS and HICKS, JJ.

## OPINION

HILL, Chief Justice.

Paul Houston Crouch appeals his conviction by a jury of the offense of illegal investment. The jury assessed his punishment at fifteen years in the Texas Department of Criminal Justice, Institutional Division and a $50,000 fine. Crouch complains in two points of error that the evidence is insufficient to support the jury's finding that he used or exhibited a deadly weapon during the commission of or flight from the offense, and that the jury's finding is contrary to the great weight and preponderance of the evidence. In three additional points of error he argues that the trial court erred in: (1) submitting the special issue to the jury concerning the use or exhibition of a deadly weapon because the evidence was insufficient to support the issue; (2) sustaining the State's objection to his argument concerning limited space in the penitentiary; and (3) sustaining, during the guilt-innocence phase of the trial, the State's objection to testimony concerning Crouch's motive to commit the offense.

We affirm because: (1) the evidence is sufficient to support the jury's finding that Crouch used or exhibited a deadly weapon during the commission of or flight from the commission of the offense; (2) where the State's burden is proof beyond a reasonable *doubt*, there is *no* factual sufficiency review in the courts of appeals; (3) even if there were such a review, we hold that the jury's finding that Crouch used or exhibit-

ed a deadly weapon is not against the great weight and preponderance of the evidence; (4) the trial court did not err in sustaining the State's objection to Crouch's argument that violent offenders were being released from the penitentiary so that there would be space for nonviolent offenders, because the argument injected facts not in evidence and went beyond the scope of the invitation afforded by the State's argument that it would make room in the penitentiary for Crouch; and (5) the trial court did not sustain any State objection to Crouch's testimony to the effect that he was not concerned what he was doing because of his addiction to drugs and alcohol, and, if the question to which objection was sustained could be construed as relating to that issue, we hold beyond a reasonable doubt that the trial court's action in sustaining the State's objection to the question did not contribute to Crouch's conviction or to his punishment.

On August 11, 1989, Officer Marvin Overton of the Arlington Police Department, who was working for the Narcotics Task Force, went to an apartment complex to meet two people who wanted to buy a pound of amphetamine. Officer Overton, wearing a body microphone, was assisted by a team of surveillance officers. After Officer Overton parked his car, a man by the name of "Mike" came over and got into the passenger seat and said that the money man had the money. Officer Overton requested to see the money and Mike stood up and waved to another man sitting about two vehicles over who got out of the passenger side of a Mazda RX7 and walked over towards them.

The man, identified by Officer Overton at trial as Paul Houston Crouch, walked directly to the passenger side of the officer's car. Crouch appeared to be carrying a cookie tin under his arm and opened it enough so that Officer Overton could see that there was a stack of money inside. Officer Overton then reached behind him and got the bag of amphetamine and handed it to Mike who then handed it to Crouch. Officer Overton then gave the surveillance team the signal to move in and arrest

Crouch, Mike, and Kim Green, the female driving the Mazda RX7.

Officer Overton searched Crouch and found a notebook, commonly referred to as "dope notes," which contained information of the drug amounts, profits, investments, customers, and their phone numbers. Officer Overton then searched the Mazda RX7 and found a loaded weapon on the passenger floorboard and approximately fifty bullets. He also found a baggy with several syringes, a pocket scale, needles, and empty baggies.

Crouch contends in points of error numbers one through three that the evidence is insufficient to support the jury's finding that he used or exhibited a deadly weapon during the commission of or flight from the offense, that the finding is contrary to the great weight and preponderance of the evidence, and that the trial court erred by submitting it because the evidence was insufficient to support such a finding.

After viewing the evidence in the light most favorable to the verdict, we must determine whether any rational trier of fact could have made the finding beyond a reasonable doubt. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). We hold that based upon the testimony outlined above a rational jury could have determined that Crouch used the pistol found in his car during the commission of this offense.

Crouch urges that it was not sufficient because he did not have the pistol with him at the time that he handed over the money. We hold that the time that he was sitting in the car waiting for the culmination of the transaction was a part of his involvement in the commission of the offense. Consequently, there was evidence that he was using it in the commission of the offense.

With respect to Crouch's claim that the jury's finding was against the great weight and preponderance of the evidence, we hold that there is no such thing as a factual sufficiency of the evidence review in criminal cases. If there is sufficient evidence from which a rational trier of fact could determine beyond a reasonable doubt that the defendant used a firearm in the commission of or flight from the commission of an offense, then the jury's finding to that effect would never be beyond the great weight and preponderance of the evidence. While there may be some justification for such a review in a civil case where the only requirement is that there be merely more than a scintilla of evidence to support the jury's finding, the jury is most often required to find a fact by a preponderance of the evidence; however, there is no similar justification for such a review in a criminal case where the legal sufficiency test more closely approximates the burden that the State must meet.

We have examined the opinion of the Third Court of Appeals in *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed) (per curiam), but we disagree with the court's conclusion as to this issue for the reason stated above. Even if there were such a test, we do not find the jury's finding in this case to be so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. We overrule points of error numbers one, two, and three.

Crouch urges in point of error number four that the trial court erred by sustaining the State's objection to his argument concerning space in the penitentiary.

The State argued for the jury not to buy into any defense argument that there is no space in prison, saying, "we'll make room." Counsel for Crouch argued in response that the prisons are overcrowded, and that violent offenders are being released to make room for nonviolent offenders such as Crouch. The trial court sustained the State's objection to the argument as being outside the record. While it might have been proper to allow Crouch's counsel to argue that the prisons are crowded, in response to the State's argument, we hold that the injection of a fact outside the record, that violent offenders were being released to make room for nonviolent offenders, went beyond the scope of any invitation that arose from the State's argu-

ment. Consequently, the trial court did not err in sustaining the State's objection. *See Kincaid v. State,* 534 S.W.2d 340, 342 (Tex. Crim.App.1976). We overrule point of error number four.

■ Crouch insists in point of error number five that the trial court erred by sustaining the State's objection to his testimony that he had committed the offense because he had a drug addiction. The record shows that Crouch was permitted, without any objection by the State, to testify that he was not concerned with the legality of the drug transaction because he had a bad addiction to drugs and alcohol. The State's objection was to a question asking Crouch what the most important thing in his life was. That objection was sustained, no answer was given, and no bill of exceptions was made showing what the answer to the question would have been. We hold that under this record there was no error because the record does not show that the trial court sustained the State's objection to any question concerning Crouch's motive in committing the offense.

Even if we assume that the unanswered question as to what was the most important thing in Crouch's life in some way related to his motive in committing the offense, we hold beyond a reasonable doubt, based upon the criteria in *Harris v. State,* 790 S.W.2d 568, 585–87 (Tex.Crim. App.1989), that any error in sustaining the State's objection to the question did not contribute either to Crouch's conviction nor to the punishment assessed.

The judgment is affirmed.