**Virgil Lenn WILSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07-93-0244-CR.**

Court of Appeals of Texas, Amarillo.

June 14, 1994.

---

George E. Ashford, III, Dallas, for appellant.

John C. Vance, Criminal Dist. Atty., Lori L. Ordiway, Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury found appellant Virgil Lenn Wilson guilty of the offense of aggravated sexual assault, and the court assessed his punishment, enhanced by two prior felony convictions, at confinement for life. With two points of error, appellant contends (1) the evidence is factually insufficient to show the alleged penetration, and (2) the admission of State's exhibit no. 24, a sexual assault kit report, constituted an abuse of discretion since it was hearsay. Not persuaded to accept the contentions, we will overrule the points and affirm.

The prosecution stemmed from the complaint of the victim, who identified appellant as the man who entered her apartment on 22 April 1993 and demanded money from her at knife-point. Appellant led her into the bedroom where she was forced to perform oral sodomy and sexual intercourse upon the threat of death, after which appellant demanded that she clean his genitals with a towel. Then, appellant left the apartment, threatening to kill the victim if she called the police.

■ Initially, appellant challenges the factual sufficiency of the evidence to show that he caused the penetration of the victim's sexual organ. The standard adopted for Texas appellate courts to review appellant's challenge was announced in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), as "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See, e.g., Geesa v. State,* 820 S.W.2d 154, 160 (Tex.Cr.App.1991).

Notwithstanding, appellant urges our adoption of the factual-sufficiency standard of review applied in civil litigation and utilized to review a challenge to the factual sufficiency of the evidence to sustain a conviction in *Stone v. State,* 823 S.W.2d 375 (Tex.App.—Austin 1992, pet'n ref'd, untimely filed). Perusing the historical development of the Texas appellate courts leading to establishment of the courts of appeals' jurisdiction over questions of fact, and analyzing *Jackson* as applying to questions of law and not precluding factual-sufficiency review, the *Stone* court concluded that a criminal defendant is entitled to a factual-sufficiency review as a matter of state constitutional law. *Id.* at 380. Then, the court expressed that:

> When the court of appeals conducts a factual-sufficiency review, the court does not ask if any rational jury, *after viewing the evidence in the light most favorable to the prosecution,* could have found the essential elements of the crime beyond a reasonable doubt. Factual-sufficiency begins with the presumption that the evidence supporting the jury's verdict was legally sufficient, i.e., *constitutionally* sufficient for the purposes of the Due Process Clause of the Fourteenth Amendment. Rather, the court views all the evidence without the prism of "in the light most favorable to the prosecution." Because the court is not bound to view the evidence in the light most favorable to the prosecution, it may consider the testimony of defense witnesses and the existence of alternative hypotheses. The court would then set aside the verdict only if it is contrary to

the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 381.

Under this standard, the factual insufficiency exists, appellant argues, because at the time of the sexual assault, the only lighting in the victim's apartment came through the bedroom window, which was insufficient for the victim to identify the person who assaulted her. Moreover, his fingerprints were not found in the apartment, nor was any seminal fluid found on the towel, on items of the victim's clothing, or on the comforter on the bed. Conformably, he may have been asleep in his own bed, as he reported to an officer, at the moment of the sexual assault. Thus, he reasons, an alternative hypothesis exists which, under the test for factual sufficiency, requires the jury's verdict to be set aside.

Although the *Stone* factual-sufficiency standard of review is said to have been followed by one court of appeals, *Lewis v. State,* 856 S.W.2d 271, 273 n. 1 (Tex.App.—Texarkana 1993, no pet'n), appellant acknowledges that other courts of appeals have rejected the standard. *See, e.g., Clewis v. State,* 876 S.W.2d 428, 436 (Tex.App.—Dallas 1994); *Crouch v. State,* 858 S.W.2d 599, 601 (Tex. App.—Fort Worth 1993, pet'n ref'd); *Mukes v. State,* 828 S.W.2d 571, 573–74 (Tex.App.— Houston [14th Dist.] 1992, no pet'n). However, noticing that the Court of Criminal Appeals has not expressed its view whether courts of appeals are permitted to engage in a factual sufficiency review of the elements of an offense, *Ex parte Schuessler,* 846 S.W.2d 850, 852 n. 5 (Tex.Cr.App.1993), appellant submits that under *Stone,* the jury's verdict is wrong and unjust.

We also decline to adopt the *Stone* court's factual-sufficiency standard of review. It does not profit to analyze the rationale supporting and opposing the *Stone* decision, for once the Court of Criminal Appeals decided to adopt the *Jackson* standard of review for the appellate courts, the standard, contrary to the *Stone* approach, requires that upon review by an appellate court *"all of the evidence* is to be considered in the light most favorable to the prosecution." *Geesa v. State,* 820 S.W.2d at 160 n. 8. We have no authority to overrule or circumvent the decision of the Court of Criminal Appeals as to the standard of review to be employed. *State v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (1961).

■ Consequently, we do not, as appellant requests us to, sit as a thirteenth juror reweighing the evidence to decide whether we believe the evidence established that he caused the penetration, *Blankenship v. State,* 780 S.W.2d 198, 207 (Tex.Cr.App.1989), nor act as a superjury reweighing the evidence; rather, we act only as a due process safeguard insuring rationality of the fact finder. *Urbano v. State,* 837 S.W.2d 114, 115–16 (Tex.Cr.App.1992). In doing so, we test the evidence to ascertain if it is at least conclusive enough for a reasonable fact finder to believe the questioned element is established beyond a reasonable doubt. *Blankenship v. State,* 780 S.W.2d at 207.

■ The victim positively identified appellant, both by personal observation on several occasions and by his picture, as the person who sexually assaulted her. She testified that he, holding a knife, assaulted her, his sexual organ penetrating her sexual organ, and that she feared imminent bodily injury or death during the time he was in her apartment holding the knife, which was described as capable of causing death or serious bodily injury. The knife found in appellant's apartment was identified by the victim as the same knife used in the assault. A red shirt and pair of tan shorts found in appellant's apartment were also identified by the victim as the articles of clothing she previously had told the police her attacker was wearing. A subsequent medical examination, the subject of appellant's second point of error, confirmed the penetration.

Viewing all the evidence in the light most favorable to the prosecution, it was sufficient for any rational trier of fact to find beyond a reasonable doubt that appellant caused the penetration of the victim's sexual organ. *Wilhoit v. State,* 638 S.W.2d 489, 494 (Tex. Cr.App.1982); *Ferrell v. State,* 464 S.W.2d 851 (Tex.Cr.App.1971). Appellant's first point of error is overruled.

**312**

During the trial, the court admitted, over appellant's hearsay objection, State's exhibit no. 24, a sexual assault kit report of the sexual assault examination of the victim at Parkland Memorial Hospital by Dr. Catherine Connomos, then a fellow on the faculty of the University of Texas Southwestern Medical School. The report was composed of a medical history and physical examination of the victim. The report was placed in a kit box, which contained articles for use in the examination—i.e., microscope slides, Q tips, a comb, and bags for enclosing items of evidence—sealed, and forwarded to Southwestern Institute of Forensic Sciences for analysis of the articles used. Because Dr. Connomos had completed her fellowship and moved to New York, the report was introduced by the business-record testimony of the custodian of the records, Dr. David Tait, a physician employed by the medical school, who also performs sexual assault examinations at the hospital.

When the report was offered into evidence, appellant objected that it was hearsay, "not on the exception to hearsay that applies to business records but based on the fact that this doctor was not the doctor who actually performed the examination." On appeal, appellant contends the report was inadmissible hearsay, excluded by rule 803(8)(B), Texas Rules of Criminal Evidence, as a report of "matters observed by police officers and other law enforcement personnel." Appellant reasons that because the victim was taken by two police officers to Parkland Memorial Hospital to obtain the sexual assault examination, and a police officer was with the victim in the emergency room, Dr. Connomos was, in effect, a law enforcement officer since she was acting as the agent of the police, and the kit was part of the criminal investigation. He argues the doctor was acting like the chemist found to be a law enforcement officer in *Cole v. State*, 839 S.W.2d 798 (Tex.Cr.App. 1992).

■ As a threshold matter, the State submits that appellant has not preserved error for review because his complaint on appeal is not the same as his trial objection. *Wilson v. State*, 854 S.W.2d 270, 277 (Tex.App.—Amarillo 1993, pet'n ref'd). Technically, the State

is correct, which normally would require the overruling of appellant's second point of error without further address. *See, e.g., Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Cr.App.1986). But, since appellant's trial and appellate complaints centered on the hearsay nature of the report, we will address the point.

■ In *Cole*, the results of chemical tests performed by a Department of Public Safety chemist were admitted upon the testimony of the Department's supervising chemist over the defendant's objection that they, offered by a chemist who did not perform the tests, were hearsay prohibited by rule 803(8)(B), *supra*, as "matters observed by police officers and other law enforcement personnel." Construing the rule, the Court of Criminal Appeals held that full-time chemists of the Department were law enforcement personnel within the meaning of the rule, *Cole v. State*, 839 S.W.2d at 803, whose reports are barred from admissibility by the rule and, in conformity, are not allowed to be admitted under rule 803(6), Texas Rules of Criminal Evidence, the hearsay exception for business records. *Id.* at 806, 811.

The chemists were held to be law enforcement personnel because they were employed by a governmental agency with law enforcement authority, *Cole v. State*, 839 S.W.2d at 803, whose laboratory "is a uniquely litigious and prosecution-oriented environment," *id.* at 809–10; the chemists were important participants in the investigation and prosecution by performing tests on evidence concerning a criminal investigation and testifying as a crucial prosecution witness at trial, *id.* at 803; their reports were not ministerial, objective observations of an unambiguous factual nature prepared for purposes independent of specific litigation, *id.* at 805, 810; and "the State's decision to prosecute [the defendant] very likely turned upon the results of the subject reports." *Id.* at 812. That is not the situation in this prosecution.

Neither Dr. Connomos nor Dr. Tait was employed by a governmental agency with law enforcement authority; rather, both were physicians on the staff of, and undergoing fellowship training at, the University of Texas Southwestern Medical School in affiliation

with Parkland Memorial Hospital, where they, together with other fellows on the faculty, performed, among other duties, sexual assault examinations. Although the victim was accompanied to the hospital by officers, no officer was involved in Dr. Connomos's examination or the preparation of her report. Obviously, the hospital exists as a facility for the treatment of patients, not as a governmental agency with law enforcement responsibilities. The record fails to reveal the purpose of the victim's examination; however, the revelation that Dr. Connomos tested the victim for H.I.V. and gonorrhea, prescribed medication for her, and scheduled her for an appointment at a gynecological clinic, indicates the doctor's report recorded her objective observations and was prepared independent of specific litigation, even though it was later used in the prosecution of this criminal case.

Given this situation, the question whether Dr. Connomos was, in effect, "other law enforcement personnel" is resolved by the application of the two prong test of *Cole*, as explicated in *Garcia v. State*, 868 S.W.2d 337, 340 (Tex.Crim.App.1993), as the basis for holding that as a general rule, medical examiners are not considered "other law enforcement personnel" for purposes of rule 803(8)(B), *supra*. The evidence of Dr. Connomos's role, measured by the *Cole* test, shows her report (1) was an objective, routine, scientific determination of an unambiguous factual nature, prepared with no inherent motive to distort the results, and (2) it was not prepared in a uniquely litigious and prosecution-oriented environment which would create an adversarial context. We, therefore, hold that in preparing the report, Dr. Connomos was not, in effect, "other law enforcement personnel" within the meaning of rule 803(8)(B), *supra*. Appellant's second point of error is overruled.

The judgment is affirmed.