Opinion issued March 9, 2006
     












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00773-CR




RICHARD RUNNELS JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 155th District Court
Austin County, Texas
Trial Court Cause No. 2002R-0020




O P I N I O N

          Charged with murder, appellant, Richard Runnels Jr., was convicted by a jury
of the lesser included offense of manslaughter, and the trial court assessed
punishment at 16 years in prison. See Tex. Pen. Code Ann. § 19.04 (Vernon 2003). 
We determine whether appellant preserved for review his appellate complaint about
the trial court’s allowing the State to conduct a demonstration before the jury using
a mannequin dressed in the complainant’s clothing. We affirm. 
Facts On the night of September 15, 2001, appellant shot V. Rosas-Sanches, the
complainant, in the abdomen and groin area with a sawed-off double-barrel shotgun. 
Appellant and the complainant had a history of verbal and physical disputes at the
Sycamore Inn bar. On that night, the two men got into an argument in the restroom,
and the complainant showed appellant the butt of a knife. Appellant ran to his car,
removed a double-barrel shotgun from the trunk, loaded the shotgun, pulled both
triggers as the complainant walked toward him, and attempted to reload the shotgun. 
At the time of the shooting, nobody, including appellant, saw a knife in the
complainant’s hand, and appellant had the opportunity to leave, either by walking or
driving away. Moreover, several individuals attempted to stop appellant from using
his gun. 
Mannequin Demonstration
          In his sole point of error, appellant asserts that the trial court erred by allowing
the State to conduct a demonstration before the jury using a mannequin dressed in the
complainant’s bloody clothes over the objection that such evidence was not relevant
and that the danger of its unfair prejudice outweighed any probative value that it had. 
A.      Factual Setting
          During the prosecutor’s direct examination of Sealy Police Department
Sergeant Detective Andrew Weido, the prosecutor asked that the complainant’s jeans
and shirt be marked as State’s Exhibits. Counsel for appellant asked to approach the
bench, where the following transpired:
Defense:      My objection is to put a dummy, I guess in some
somebody’s clothes, and I guess trying to explain using
that dummy, I think it’s, first of all, I don’t think it’s
relevant. Number Two, I think any probative value, if any,
is outweighed by the danger of unfair prejudice.
 
The Court:   What is the prejudice?
 
Defense:      The prejudice is, is that the jury is going to be sitting up
there looking at a dummy in this, in this man’s clothes. I
assume that is what they are saying, these are this guy’s
clothes.
 
Prosecutor:  We are going to talk about where he has been shot, and you
can’t just have these kinds of clothes laying [sic] on the
ground and explain where the bullet holes went in. It’s
important to show—
 
The Court:   Objection is overruled.
 
B.      The Law 
          Evidence that tends to make the existence of a consequential fact more or less
probable is considered relevant, and all relevant evidence is generally admissible. 
Tex. R. Evid. 401; see Rankin v. State, 974 S.W.2d 707, 719 (Tex. Crim. App. 1998)
(op. on reh’g); Goldberg v. State, 95 S.W.3d 345, 366 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d.). However, relevant evidence may be excluded when the
danger of unfair prejudice substantially outweighs its probative value. Tex. R. Evid.
403; see Goldberg, 95 S.W.3d at 375. The party opposing admissibility bears the
burden of showing that the unfair prejudice substantially outweighs the evidence’s
probative value. Goldberg, 95 S.W.3d at 367. The decision of whether or not to
admit evidence lies within the discretion of the trial court, and the presumption is that
relevant evidence is more probative than prejudicial. Jackson v. State, 575 S.W.2d
567, 570 (Tex. Crim. App. 1979); Howland v. State, 966 S.W.2d 98, 103 (Tex.
App.—Houston [1st Dist.] 1998), aff’d on other grounds, 990 S.W.2d 274 (Tex.
Crim. App. 1999). 
C.      Standard of Review 
          When deciding whether a trial court erred in admitting evidence that was either
irrelevant or prejudicial, we review the trial court’s decision for abuse of discretion. 
Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Montgomery v. State,
810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990) (op. on reh’g); Goldberg, 95 S.W.3d
at 366. A trial court abuses its discretion when it acts outside of the “zone of
reasonable disagreement.” Green, 934 S.W.2d at 102; Goldberg, 95 S.W.3d at 366. 
We affirm the ruling so long as the trial court followed “the appropriate analysis and
balancing factors, though the appellate court might disagree with the weight given to
those individual factors.” Montgomery, 810 S.W.2d at 380.
D.      Probative Value Versus Unfair Prejudice
          Appellant offers no argument on appeal


 as to why the use of the mannequin
was not relevant. Instead, appellant presents the following argument:
In the case at bar the state’s use of a dummy, that is not proportional to
the accused, dressed in the bloody clothes, is unduly prejudicial to the
appellant’s case. Such prejudice outweighs any probative value. It begs
the jury to imagine that that is the complainant standing there. It falsely
represents the defendant who was at least 275 pounds according to the
medical examiner and his autopsy report. The image burned in the
jury’s mind is not that of a 275 pound complainant facing Mr. Runnels
who weighs over a hundred pounds, less but one of a smaller
complainant. Considering the fact that the appellant was arguing self-defense, this demonstration using the dummy was extremely prejudicial
to the appellant’s case. [sic passim]

(Emphasis added.) Although appellant’s brief is confusing in its intermittent
mistaken use of “accused” and “defendant” for “complainant,” the gist of appellant’s
complaint on appeal is that appellant was prejudiced because the mannequin led the
jurors to believe that the complainant was small, when, in fact, he weighed 275
pounds. Appellant claims that his self-defense theory was thereby undermined. 
          We notice, however, that appellant’s only objection at trial was that he was
prejudiced because the jury would be looking at a dummy in the complainant’s
clothes. Under these circumstances, the trial court was not alerted to appellant’s
complaint on appeal that he was prejudiced because the mannequin was smaller than
the 275-pound complainant to such an extent that it would undermine his self-defense
theory. When the appellate complaint fails to comport with the trial objection,
nothing is preserved for review. Foster v. State, 874 S.W.2d 286, 289 (Tex.
App.—Fort Worth 1994, pet. ref’d); Beasley v. State, 810 S.W.2d 838, 841 (Tex.
App.—Fort Worth 1991, pet. ref’d).
          The reason for requiring the same objection at trial is to give the trial court the
opportunity to rule on that particular legal theory and to give the State the opportunity
to remove the objection. Cook v. State, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993). 
Here, the trial court had no way of foreseeing that appellant would one day complain
about the failure of the mannequin to be the same size as the complainant. To allow
appellant to raise such a new argument on appeal would blindside the trial court,
which we are not inclined to do. See id. But see Wilson v. State, 879 S.W.2d 309,
312 (Tex. App.—Amarillo 1994, no pet.) (despite acknowledging State was
technically correct that error was not preserved because complaints at trial and on
appeal did not comport, nevertheless addressing argument that appellant had
expressly waived at trial because both complaints generally related to same area of
rules of evidence), abrogated on other grounds by Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996). It would be particularly inappropriate to blindside the trial
court in this case because the trial court properly listened to both appellant’s
argument regarding prejudice and the State’s argument regarding probative value
before making a ruling. Moreover, the State had no opportunity below to remove the
claim of prejudice, presented for the first time on appeal, based on there being a
difference in size between the mannequin and the complainant.
          We hold that appellant’s objection at trial, that the jury would be prejudiced by
viewing a mannequin dressed in the complainant’s clothes, does not comport with
appellant’s complaint on appeal, that his self-defense theory was undermined by
portraying the complainant with a mannequin much smaller than the complainant’s
275-pound frame. Therefore, appellant did not preserve his appellate complaint for
review.
          Accordingly, we overrule appellant’s sole point of error. 
E.      Response to the Concurring Opinion
          We write further to explain our disagreement with three aspects of the
concurring opinion. 
          First, in reaching its conclusion that appellant’s challenge was not waived, the
concurring opinion sets out excerpts from the record of matters either that occurred
after the trial court’s ruling or that were simply unrelated to the issue of the propriety
of the mannequin exhibit’s admission. Had all of those arguments and information
concerned the propriety of the mannequin exhibit’s admission—and had they further
either been before the trial court when it ruled or been the subject of a renewed
objection by appellant after their presentation


—we might then be faced with a
different situation. But those things did not happen here. Absent fundamental error,
which no ones argues that this is, we cannot reverse a trial court on grounds that were
not presented to it at the time that it was asked to rule. See Tex. R. App. P. 33.1(a). 
To do so would truly be unfair to the court and would be tantamount to requiring the
court to read the future.
          Second, the concurring opinion posits that “[n]either Rule of Evidence 403 nor
the case law explicating its requirements holds that a defendant must spell out in his
objection exactly how a demonstration is too dissimilar from the actual circumstances
to constitute an abuse of discretion” and that a defendant need not “spell out exactly
how the admission of evidence is more prejudicial than probative on pain of waiving
error.” We do not necessarily disagree with this proposition, as far as it states a
general rule. Nonetheless, we disagree with it in this case. Here, whether he was
required to do so or not in the abstract, appellant actually did spell out how the
evidence was more prejudicial than probative—specifically, that the jury would be
looking at a dummy in the complainant’s clothes. Once an appellant affirmatively
limits his objection in the trial court to a narrow basis, he cannot expand on that basis
for the first time on appeal. Cf. Shelling v. State, 52 S.W.3d 213, 217-18 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d) (holding that appellant waived complaint
that trial court erred in overruling objection to voir dire questions concerning O.J.
Simpson trial because that case was racially polarizing when trial objection had been
only that defense counsel was “going to object to the reference to the O.J. verdict as
it relates to homicide cases as it indirectly relates to this defendant, myself or
cocounsel.”); cf. also Bell v. State, 938 S.W.2d 35, 47-48 (Tex. Crim. App. 1996)
(“But at both trials, appellant limited his objections to the issue of his illegal arrest
only and the effect of that arrest on his confession. Appellant now raises the issue of
a possibly illegal search and seizure, for the first time, in his brief on appeal. 
Appellant has not preserved this claim because he failed to raise it at either trial.”). 
Allowing an appellant to do so does blindside the trial court, which has a right to rely
on an appellant’s affirmative statement that he is limiting his complaint to one basis
among many potential bases applicable to a given objection.
          Third, the concurring opinion states:
Nor could appellant’s counsel have objected with the specificity that the
majority requires because the trial court, having heard briefly why the
defense considered itself prejudiced and why the State wanted the
clothing to be displayed on the mannequin, cut both defense counsel and
the prosecution off before anything else could be said; and it similarly
cut defense counsel off when he subsequently tried to introduce the
mannequin into evidence during the State’s examination. Clearly, the
court did not think that it needed more of an explanation before
overruling the defense’s objection and allowing the demonstrative
evidence.

The pertinent discussion shows, however, that if the trial court cut off anyone, that
entity was the State, not also appellant.


 Moreover, nothing shows that appellant at
that time had more to add to his objection or that, even assuming that he did
(something that we cannot know without pure speculation), the trial court precluded
his doing so. A trial court’s premature ruling alone does not relieve an appellant from
stating his full objection. Rather, if a trial court rules prematurely (which, again,
nothing here indicates that it did), the appellant has the duty to advise the court that
he has further objections to make—and, if the court disallows further objections, to
object to that ruling. See Tex. R. App. P. 33.1(a)(1), (2); cf. Carter v. State, 717
S.W.2d 60, 72, 76 (Tex. Crim. App. 1986) (noting, “The court sustained the challenge
for cause by the State. Appellant’s counsel did not ask for additional interrogation
or object that the excusal was premature as now urged[,]” and further noting,
“According to appellant[,] Bryant is ‘a classic example of the vacillating juror who
finally concludes she is undecided and is then prematurely excluded for cause.’ . . .
The appellant did not ask for additional time to interrogate, though he now insists the
exclusion was premature.”). Simply put, nothing here shows that the trial court “cut
. . . off” appellant, that appellant had more to add to his objection at the time at which
he asked for a ruling, or that appellant could not have objected because he was
prevented from doing so by the trial court. 
 

Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Justice Keyes, concurring.

Publish. Tex. R. App. P. 47.2(b).