Tommy Floyd PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–94–0054–CR.

Court of Appeals of Texas, Amarillo.

June 21, 1995.

---

Greg Phifer, Amarillo, for appellant.

James Farren, Dist. Atty., Canyon, Roger Wineinger, Asst. Dist. Atty., for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

In four points of error alleging the evidence is insufficient, appellant Tommy Floyd Price challenges his conviction, after a bench trial, of the offense of burglary of a habitation. His punishment, enhanced by two prior felony convictions, was set by the trial court at fifty (50) years confinement in the Texas Department of Criminal Justice, Institutional Division. For reasons later discussed, we affirm the judgment of the trial court.

Appellant's evidentiary challenges require a thorough review of the trial evidence. On the evening of March 13, 1991, between six and seven o'clock p.m., the residence of Robert Jackson was broken into and several items, including a pistol, four rings, other jewelry and over $2,400 in cash were taken. On March 16, 1991, appellant sold the four rings to a precious metals dealer. After his arrest, on March 22, 1991, appellant gave a statement to the police.[1] In pertinent part, the statement reads:

> About 8 to 10 days ago a guy I know as Keith come to my room, Keith called a taxi

---

1. Parenthetically, appellant does not question the accuracy or voluntariness of the statement.

and it took us over by Amarillo College. We walked a long way. Keith said he was going to pick up some stuff from a house. I walked around in the back yard. I heard a noise. A few minutes later Keith came out and said "I did pretty good" and I said good. We walked to a Toot–N–Totum on Wimberly. Keith called a cab and we went back to the Caravan Motel on Amarillo Blvd. Keith had a roll of $100 bills. Keith also had some rings. I have been staying with a girl named Kathy. Keith gave Kathy 14 of the $100 bills and some jewelry. Kathy gave me 12 of the $100 bills and some jewelry. Kathy has a friend named John. We had John take us to [a] pawn shop at the bowling alley. I tried to sell some rings. They would not let me sell the rings because my ID does not have a picture. Kathy had John use his ID to sell the rings.

The State's first witness was Robert Jackson, the owner of the stolen property. Jackson identified four rings recovered from a precious metals dealer as rings which had been stolen from his home. The State's next witness, John Chester Pearl Matson, testified that he accompanied appellant and Kathy Robinson to the metals dealer to sell the rings and that he actually conducted the transaction after the metals dealer would not accept appellant's identification because it did not meet the requirements imposed by statute. Tex.Rev.Civ.Stat.Ann. art. 5069–51.17B(b) (Vernon Supp.1995).

Kathy Robinson testified that she went to the metals dealer with appellant and Matson. She also stated that she knew a man named Keith Padgent who may have been the same person appellant referred to in his statement. She was unsure as to whether appellant knew Keith Padgent and averred that at the time of her arrest, she did not know Padgent's last name. Robinson was not asked to confirm or deny appellant's statement that she gave him money and jewelry.

The State also called Jessie Ogle, a cab driver, who testified that around the date of the burglary he had driven appellant and Kathy Robinson to several places on different occasions. Ogle stated he knew "Keith," and was sure appellant and Keith knew each other but he did not recall ever seeing them together. He also testified that around the date of the burglary, appellant had asked him to hold a small bag which, appellant said, contained jewelry and $1,200 cash. When requested to do so, Ogle was unable to make a courtroom identification of appellant.

Detective Gary Schwab testified that he investigated the burglary for which appellant was being tried. After appellant implicated a person named "Keith" in the offense, Schwab questioned people in various neighborhoods if they knew anyone by that name and inquired around two locations where property taken in other possibly related burglaries was found. However, no one, including appellant, was able to provide further information about Keith's identity, and he was unable to make any further investigation into Keith's identity or location.

■ The standards by which we determine appellant's challenges are well settled. In reviewing the sufficiency of the evidence, we must determine, after considering all the evidence in a light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Turner v. State,* 805 S.W.2d 423, 428 (Tex.Crim.App.1991), *cert. denied,* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The test is the same for both direct and circumstantial evidence cases. *Green v. State,* 840 S.W.2d 394, 401 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). In performing our evaluation, we must resolve all evidentiary inconsistencies in favor of the verdict. *Johnson v. State,* 815 S.W.2d 707, 712 (Tex.Crim.App. 1991) (citing *Moreno,* 755 S.W.2d at 867).

■ It is also the rule that in a bench trial, the trial court, as the trier of fact, is the exclusive judge of the credibility of the witnesses, the weight to be given their testimony, and may accept or reject all or any part of the testimony of any witness. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App. 1984), *cert. denied,* 474 U.S. 865, 106 S.Ct.

184, 88 L.Ed.2d 153 (1985); *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Crim.App. 1981).

 Additionally, it is also established that when there is independent evidence of a burglary, the unexplained personal possession of recently stolen property will support an inference of guilt of the offense in which the property was stolen. *Hardesty v. State,* 656 S.W.2d 73, 76 (Tex.Crim.App.1983); *Durant v. State,* 688 S.W.2d 265, 267 (Tex. App.—Fort Worth 1985, pet. ref'd). The application of such an inference has been held not to violate the due process requirements of the federal constitution. *Barnes v. United States,* 412 U.S. 837, 846, 93 S.Ct. 2357, 2363, 37 L.Ed.2d 380 (1973). If a defendant offers an explanation as to his possession of recently stolen property, the record must demonstrate that the defendant's explanation at the time his possession is called into question is either false or unreasonable before the evidence will support the conviction of burglary. Whether the defendant's explanation is reasonable or false is an issue to be decided by the trier of fact. The falsity of the explanation may be shown by circumstantial evidence. *Adams v. State,* 552 S.W.2d 812, 815 (Tex.Crim.App.1977); *Smith v. State,* 518 S.W.2d 823, 825 (Tex.Crim.App.1975); *Hood v. State,* 860 S.W.2d 931, 937 (Tex.App.— Texarkana 1993, no writ). If the defendant's explanation is reasonable and is sufficient to rebut the circumstances of his possession of recently stolen property, and other evidence, including the surrounding circumstances, is not sufficient to show the defendant's explanation is false, then the evidence is insufficient to sustain the conviction. *Huff v. State,* 492 S.W.2d 532, 533 (Tex.Crim.App.1973).

In his first point, appellant contends the evidence is legally insufficient to sustain his conviction because the record does not demonstrate that appellant's explanation of his possession of the recently stolen property was either unreasonable or false.

Parenthetically, we note that the question of a defendant's explanation for his possession of recently stolen property is distinct from the pre-*Geesa* [2] burden on the State to

disprove every reasonable hypothesis other than the guilt of the defendant. Here, the State seeks the benefit of an inference of guilt arising out of unexplained possession of recently stolen property. As we noted above, to obtain the benefit of the inference, the State is obligated to show that the defendant was given an opportunity to explain and either 1) failed to give an explanation, or 2) if an explanation was given, the record demonstrates it was false or unreasonable. *Adams,* 552 S.W.2d at 815; *Hood,* 860 S.W.2d at 936. This allocation of burdens was not changed by the holding in *Geesa.* See *id.*

 Contrary to the State's assertions, there is no direct evidence in the record showing the falsity of appellant's explanation. As we have mentioned above, nowhere in Kathy Robinson's testimony was she asked to either confirm or deny appellant's statement that she gave him the jewelry. Appellant's mere inability to locate Keith Padgent while in jail awaiting trial does not, in itself, establish the falsity of his explanation. Without such direct evidence that appellant's explanation was false, the question we must address is whether the surrounding circumstances in the record supports the trial judge's evident conclusion that appellant's explanation was unreasonable and false. As we have discussed, the question of whether a defendant's explanation of possession of recently stolen property is unreasonable is one of fact. *Musgrave v. State,* 608 S.W.2d 184, 188 (Tex.Crim.App.1980); *Adams,* 552 S.W.2d at 815; *Callahan v. State,* 502 S.W.2d 3 (Tex.Crim.App.1973). However, in determining whether the defendant's explanation is reasonable, the factfinder's discretion is not unlimited as shown by cases in which the Texas Court of Criminal Appeals has overturned convictions in which it concluded a defendant's explanation was improperly rejected. See *McElyea v. State,* 599 S.W.2d 828, 829 (Tex.Crim.App.1980); *Huff,* 492 S.W.2d at 533.

In both *McElyea* and *Huff,* the court found that the defendants' unrefuted explanations that they were innocent purchasers for value of stolen property prevented application of

---

2. *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App. 1991).

the permissible inference of guilt and rendered the evidence insufficient. *Id.*

However, in *Adams* and *Callahan*, the factfinders' rejection of the defendants' explanations was upheld. In *Adams*, the arresting officers, while responding to a "burglars-in-action call" at a motel, saw the defendant enter the motel parking lot about 12:15 a.m., driving an automobile with the trunk lid open and a television set in the trunk. The defendant's vehicle stopped next to the apartment of a known "fence." When queried by the officers about the television set, the defendant said his mother had given him the set and he was taking it to the motel to sell. The defendant volunteered his mother's telephone number and, upon the officers placing a call, his mother denied giving the set to the defendant. In its discussion of appellant's contention that his explanation was reasonable and was improperly rejected, the appellate court noted that the lower court was confronted with circumstances indicating the defendant's explanation was both false and unreasonable. In addition to the mother's denial of the gift of the television, there were the additional circumstances that the defendant was discovered just after midnight with a recently stolen television set and was attempting to sell it to "a man known in the community as a 'fence'." Considering all of the surrounding circumstances, the court held the trial court, as factfinder, acted within its discretion in determining the defendant's explanation was unreasonable and false.

In *Callahan*, the defendant was found in possession of recently stolen liquor behind the burglarized liquor store shortly after he activated the store's silent alarm at 1:22 a.m. His explanation of his possession was that unidentified strangers approached him at 1 a.m. and paid him to take possession of four half-gallons of whisky until 8:00 p.m. the following evening. In view of the surrounding circumstances and with the comment that, "[I]t is not difficult to understand why the jury rejected the explanation as unreasonable," the appellate court upheld the jury's rejection of the explanation.

■ In this case, it is uncontroverted that appellant was in possession of the recently stolen rings and that he attempted to sell the rings to the precious metals dealer. Although appellant asserts that Kathy Robinson gave him the stolen property, there is nothing either in her testimony or in the other evidence in the case which supports that assertion. Appellant's explanation is no more internally logical than the explanation offered in *Callahan* and, under the surrounding circumstances, we hold the trial judge, as factfinder, was justified in rejecting appellant's explanation as both unreasonable and false. Appellant's first point is overruled.

In his second point, appellant also attacks the sufficiency of the evidence on the basis that the permissible inference arising out of unexplained possession of recently stolen property is insufficient, by itself, to support his conviction. In support of his proposition, appellant cites and relies upon *Hardesty v. State*, 656 S.W.2d 73 (Tex.Crim.App.1983). In that case, the court did indeed overrule a long line of prior cases holding that evidence of a defendant's recent and unexplained possession of stolen property was sufficient, in itself, to sustain a conviction. The court instead held that such possession is merely a circumstance of guilt and, as such, is not conclusive. Moreover, the evidence in the case, considered *in toto*, including the possession circumstance, must still be sufficient under normal standards of appellate review to sustain the conviction. *Id.* at 77. Significantly, in reviewing the testimony in its case, the *Hardesty* court found evidence of the defendant's flight from the police, combined with his possession of the stolen property, was sufficient to support the conviction.

Parenthetically, in spite of the *Hardesty* decision we note a puzzling reference by the court in *Solis v. State*, 792 S.W.2d 95 (Tex. Crim.App.1990) to the old line of cases and the court's reiteration, without reference to or discussion of *Hardesty*, of the rule that recent and unexplained possession of recently stolen property "was sufficient, standing alone, to convict appellant of the instant (burglary) offense." The later decision would seem to cast some doubt upon the continued viability of the *Hardesty* rule.

However, for the purpose of our discussion, we will assume that, in spite of the Texas Court of Criminal Appeals' inconsistency, the *Hardesty* rule is still applicable. In that light, the record reveals that, in addition to his possession of recently stolen property, appellant, by his own statement, admitted his presence at, and knowledge of, the offense. There was also testimony that he secreted jewelry with a third person, the cab driver. Considering all the circumstances, we find the evidence sufficiently supports the conviction. Appellant's second point is overruled.

Because of its close relationship to appellant's first two points, we next address appellant's fourth point. In this point, appellant asserts the "trial court erroneously believed appellant's possession had to have been lawful before he could even consider appellant's explanation and his misconception of the law with respect thereto contributed to his conviction." In support of this proposition, appellant refers to the following remarks made by the trial court at the conclusion of the evidence:

THE COURT: All right. The fact that a burglary of a habitation took place has been definitely established.

The fact, also, has been definitely established that Tommy Floyd Price was in possession of the property taken in that burglary. That it was in his personal possession. That it was recent possession. That it involved a distinct and conscious assertion to the right of the property by the Defendant, Mr. Price, and that it was unexplained possession.

Unless you take the statement given by him in the district court holding facility as an explanation of how he came in possession, but even then it did not show to be lawful possession. Those circumstances, I believe, are sufficient. I do adjudge you guilty, Mr. Price, of the offense of burglary of a habitation as alleged in the indictment.

We do not agree with appellant's interpretation of the trial court's remarks. The remarks were simply a succinct explanation by the court, as factfinder, as to why he believed the surrounding circumstances showed appellant's explanation of his possession was unreasonable. As such, they did not show the judge was not applying the law as we have determined it to be. Accordingly, we overrule appellant's fourth point.

In his third point of error, appellant challenges the factual sufficiency of the evidence. The basis of his challenge is that the "evidence is factually insufficient to sustain the conviction because the judgment is so contrary to the overwhelming weight of the evidence[,] i.e., the alternative reasonable hypothesis that Keith was the burglar and appellant was the receiver of the property stolen in the burglary by Keith—as to be clearly wrong and unjust."

Initially, we again note that in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991), the court abrogated the use of the reasonable hypothesis analytical construct in assessing the sufficiency of evidence in "all cases tried hereafter." In this case, appellant was both charged and tried subsequent to *Geesa* and is not entitled to the benefit of the construct.

In support of his argument that we should conduct a factual sufficiency analysis, appellant cites *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd untimely filed) and several civil cases. To date, the Texas Court of Criminal Appeals has expressly declined to state whether the Texas Constitution permits the courts of appeals to apply a factual sufficiency review to the elements of the offense in criminal cases. *See Ex parte Schuessler*, 846 S.W.2d 850, 853 (Tex.Crim.App.1993).[3]

In *Wilson v. State*, 879 S.W.2d 309, 311 (Tex.App.—Amarillo 1994, no pet.), this court declined to adopt the factual sufficiency standard espoused in *Stone*. Since our decision in *Wilson*, the factual sufficiency review of the elements of a criminal offense has been rejected by three additional courts of appeals. *See Streff v. State*, 890 S.W.2d 815,

---

**3.** *Schuessler* does not make it clear that factual sufficiency review is the appropriate standard for reviewing affirmative defenses. *See id.* n. 5.

818 (Tex.App.—Eastland 1994, no pet.); *Choice v. State,* 883 S.W.2d 325, 328 (Tex. App.—Tyler 1994, no pet.); *Durand v. State,* 881 S.W.2d 569, 571 (Tex.App.—Houston [1st Dist.] 1994, no pet.). We have been presented with no reason as to why this court should abandon its holding in *Wilson* and we decline to do so. Appellant's third point is overruled.

In sum, we overrule each of appellant's points and affirm the judgment of the trial court.