Willie Eugene Sims v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-085-CR

     WILLIE EUGENE SIMS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 99-0018-C
                                                                                                                
                                                                                                        
O P I N I O N
                                                                                                                 
     This is a circumstantial evidence case. Willie Eugene Sims was found guilty by a jury of the
offense of burglary of a habitation. He was sentenced to twenty years in prison and given a
$10,000 fine. He challenges the legal sufficiency of the evidence in support of his conviction. 
The State’s evidence consisted of the testimony of an eyewitness, investigating officers, Sims’s
accomplice, the victim, and fruits of the robbery which were discovered in the house where Sims
was found and arrested. We hold that the evidence is legally sufficient and affirm the judgment
of the trial court.
Facts
      On December 2, 1998, at approximately 9:00 a.m., Dorothy Woycheshin saw two young
black males running from her neighbor’s house. Woycheshin watched as the boys ran to a nearby
house. She testified that the boy in front was wearing a beige jacket with a light collar, and the
other was wearing a striped blue jacket. She physically described the boy in front as tall and slim,
and the boy in back as short and husky. Further, she said the boy in back was carrying a bulky
object.
      After Woycheshin’s husband went to the neighbor’s house and saw that a back window had
been broken out, they called the police. While they waited for the police to arrive, Woycheshin
watched the house nearby to see if the boys left the house. They did not. When the police
arrived, Woycheshin pointed out the nearby house that the boys had entered. The police officers
knocked on the door and Ms. Kennedy, the owner of the home, answered. The officers explained
what had happened, and obtained her permission to search the house.
      Officer Mark Barrington went to a back bedroom, where he found Sims standing in a bedroom
closet. Sims was ordered out of the closet and the officers confirmed from the owner that Sims
did not have permission to be in her house. As Barrington began searching the bedroom closet,
Sims said, “There’s nothing in the closet.” Barrington continued searching the closet and found
three rings lying on a pile of clothes. He looked underneath the pile of clothes and found a VCR.
      Additionally, in the closet where they found Sims, they found a jacket matching the
eyewitness’s description of a beige jacket. The officer also found two bags of coins in the closet. 
In the bedroom, Barrington found a brooch on the floor and bags of jewelry on the bed. 
Barrington also found the other suspect, Germaine Kennedy, squatted down in the bottom of a
hallway linen closet. On the shelf in the linen closet, Barrington found some rings and watches. 
All of the described items, other than the beige jacket, were later identified as having been stolen
from the victim’s house.
      A search of the victim’s house revealed that a window near the back door had been broken
out, but the burglars had not been able to gain entry through that door. The officers found that
another window had been broken, through which the burglars entered the house. The house had
been ransacked. Sims was arrested and indicted for the offense of burglary of a habitation. In his
sole issue on appeal, Sims asserts the evidence is insufficient to support his conviction because
there is no evidence to show he entered the habitation. The State argues that the evidence is
sufficient to convict Sims either under the law of parties or as a primary actor. We agree with the
State and affirm the conviction.
Standard of Review - Legal Sufficiency
      Evidence is legally insufficient if, when viewed in a light most favorable to the verdict, a
rational jury could not have found each element of the offense beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 832, 118 S. Ct. 100, 139
L.Ed.2d 54 (1997). This standard is the same for both direct and circumstantial evidence cases. 
Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), rev’d on other grounds, Paulson
v. State, No. 829-99 (Tex. Crim. App. October 4, 2000).
      The jury is the exclusive judge of the credibility of witnesses and of the weight to be given
testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence. 
Jones v. State, 944 S.W.2d at 647. A claim of legal insufficiency is, in effect, an argument that
the case should never have even been presented to the jury. Clewis v. State, 922 S.W.2d 126, 132
(Tex. Crim. App. 1996).
The law
      Sims asserts that there is no evidence indicating that he entered the victim’s house, and
therefore the evidence is legally insufficient to find that he committed the offense of burglary. 
Section 30.02 of the Penal Code states that a person commits the offense of burglary of a
habitation “if, without the effective consent of the owner, he ... enters a ... habitation and commits
or attempts to commit a felony or theft.” Tex. Pen. Code Ann. § 30.02 (a)(3) (Vernon Supp.
2000)(emphasis added). A person “enters” a habitation if he intrudes any part of his body or any
physical object connected with the body. Tex. Pen. Code § 30.02(b) (Vernon Supp. 2000). 
      Direct evidence that the defendant actually entered the home to commit the theft is
unnecessary if the record discloses a burglary occurred, that the defendant possessed some or all
of the stolen property, and that the defendant failed to proffer a reason for having it. Price v.
State, 902 S.W.2d 677, 680 (Tex. App.—Amarillo 1995, no pet.); Garza v. State, 841 S.W.2d
19, 22 (Tex. App.—Dallas 1992, no pet.). In other words, entry into a habitation may be proven
by an accused’s exclusive, unexplained possession of goods that were previously located in the
habitation, together with independent evidence that the habitation was recently burglarized. See
Hardesty v. State, 656 S.W.2d 73, 76-77 (Tex. Crim. App. 1983)(evidence of defendant’s recent
and unexplained possession of stolen property sufficient in itself to sustain theft conviction). 
Guilt as a Primary Actor
The evidence in the record is legally sufficient to establish Sims’s primary guilt of
burglary. An eyewitness testified that she saw two people running from the victim’s house and
into a nearby house. The investigating officers testified that they found Sims and his accomplice,
Kennedy, both hiding in closets and in possession of property stolen from the victim’s home. 
When the officer began searching the closet where Sims had been found hiding, Sims said,
“There’s nothing in there.” However, the officer found a VCR, some jewelry, and two bags of
coin money in the bedroom closet where Sims had been hiding; a brooch on the floor of that
bedroom; and bags of jewelry on the bed—all property identified as being owned by the owner of
the burglarized home.
      Sims matched the description of the taller male who had been wearing a beige jacket with a
light collar. In the closet where Sims was found, there was a beige jacket matching the
eyewitness’s description. This jacket had a roll of dimes in one of the pockets. The officers also
found a gun in one of the pockets of the beige jacket. The victim testified that her home had been
broken into and ransacked, and that the property recovered by the police from Sims and Kennedy
belonged to her. 
      Furthermore, Sims’s accomplice testified that he and Sims had, by prior agreement, broken
into the victim’s house and stole her property. However, “a conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect the defendant
with the offense committed; and the corroboration is not sufficient if it merely shows the
commission of the offense.” Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon Supp. 2000). In
order to determine whether the accomplice witnesses’ testimony is corroborated, we eliminate all
accomplice evidence from the record and determine whether the other inculpatory facts and
circumstances in evidence tend to connect Sims to the offense. Munoz v. State, 853 S.W.2d 558,
559 (Tex. Crim. App. 1993). 
      Even after eliminating all accomplice evidence from the record, we conclude that other
evidence, although circumstantial, tends to support a finding that Sims entered the victim’s house. 
Considering the eyewitness testimony and the fact that the beige jacket and stolen goods were
found in and around the closet where Sims was found, we believe that there was sufficient
circumstantial evidence to support the jury’s finding that Sims entered the victim’s house and
committed burglary of a habitation. Accordingly, we overrule Sims’s legal sufficiency issue
because there is sufficient evidence in the record to support an inference that Sims entered the
burglarized premises. 
Guilt as a Party
      Sims does not contest that he assisted Kennedy, but only that he is not guilty of burglary
because he never “entered” the victim’s house. However, the jury was charged on the law of
parties. Under the law of parties, a person is criminally responsible for an offense committed by
another if, acting with the intent to promote or assist in the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the person to commit the offense. See Tex. Pen.
Code Ann. § 7.02(a)(2) (Vernon Supp. 2000). To determine whether a person acted as a party
to an offense, the trier of fact may look to events occurring before, during, and after the offense,
and may rely on actions that show an understanding and common design to engage in an act. See
Burdine v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986). Thus, applying the law of
parties, a person can be guilty of burglary even though he did not personally enter the burglarized
premises if he acted together with another in the commission of the offense. See Clark v. State,
543 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).
      Even if there was no direct evidence that Sims entered the victim’s house, the evidence
supports Sims’s guilt as a party. At a minimum, Sims helped Kennedy transport the stolen
property from the victim’s house to the Kennedy residence. The eyewitness gave a general
description of two individuals she saw running from the victim’s house. Sims and Kennedy
matched the eyewitness’s general description. As stated above, Sims was found in a closet with
some of the stolen items and a beige jacket which matched that of one of the persons seen fleeing
the residence. Kennedy testified they had agreed to commit the burglary and some of the stolen
property was found where each was hiding. Thus, even if the jury believed that Sims never
entered the victim’s house, the evidence supports the conclusion that Sims aided Kennedy in the
commission of the offense and thus is guilty as a party.
Conclusion
      Having overruled Sims’s sole issue on appeal, we affirm the judgment of the trial court.
 
 
TOM GRAY
Justice
 
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed February 14, 2001
Do not publish