NO. 07-08-0361-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 19, 2009
______________________________

POLICARPIO ALBERT MADRID III, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 19656-A; HON. HAL MINER, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant, Policarpio Albert Madrid III, was convicted of stealing property valued
between $1,500 and $20,000. He seeks reversal of that conviction by arguing that the
evidence is legally and factually insufficient to sustain it and that the trial court abused its
discretion in failing to grant his oral motion for continuance. We affirm the judgment. 
          Legal and Factual Sufficiency
          In his first two issues, appellant complains of the sufficiency of the evidence. The
well-established standards by which we review such complaints are discussed in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Watson v. State, 204
S.W.3d 404 (Tex. Crim. App. 2006), and their progeny. 
          Next, appellant complains that the State failed to prove that he “unlawfully
appropriated or exercised control over” the trailer that was stolen from a local church and
found in his backyard. At best, this supposedly represented the mere possession of stolen
goods as opposed to evidence of the theft itself. And, he continues, the “[m]ere
possession” of such property does not give rise to a presumption of guilt if reasonably
explained. The explanation that he happened to proffer involved his cousin purportedly
asking that appellant watch the trailer for several days in exchange for $20. We overrule
the issue.
          The possession of stolen property may justify an inference of guilt if that possession
is personal, recent, and unexplained and involves a conscious assertion of control over the
property. Grant v. State, 566 S.W.2d 954, 956 (Tex. Crim. App. 1978). If the accused
offers an explanation, the record must show that the account is false or unreasonable, 
Price v. State, 902 S.W.2d 677, 680 (Tex. App.–Amarillo 1995, no pet.), and whether the
explanation is false or unreasonable is a question of fact. Dixon v. State, 43 S.W.3d 548,
552 (Tex. App.–Tyler 2001, no pet.); Price v. State, 902 S.W.2d at 680. 
          In determining whether such an assertion of a right to the trailer was made and
whether appellant’s explanation for the presence of the trailer was false or unreasonable,
the jury had before it the following evidence: 1) the trailer was taken from the church on
or about the 3rd of January, 2008, 2) the trailer then was seen in front of appellant’s
residence on January 3 or 4, 2008, 3) by January 5, it had been moved into the backyard
behind a six-foot high wooden privacy fence, 4) there was no gate on the property through
which the trailer could be moved into the backyard, 5) a portion of the fence had to be
dismantled to effectuate the move, 6) appellant stated that he and his girlfriend moved it
there, 7) four police officers had to dismantle a 16-foot section of the fence to remove the
trailer from the backyard, 8) while the officers were investigating the scene, appellant
arrived in a Delta 88 car along with two females, 9) the car had a towing hitch capable of
pulling the trailer, 10) appellant was told by the officers to wait by the passenger seat of the
car momentarily, 11) the location at which appellant waited had been previously searched
by an officer, which search had uncovered nothing of note, 12) after appellant was told to
move the car, however, one of the identifying plates previously installed on the trailer and
torn pieces of appellant’s insurance card were discovered adjacent to where appellant had
been waiting, 13) appellant admitted he “probably” tore up the insurance documents at
some time, and 14) the actual license plate assigned to the trailer was found folded in half
on top of appellant’s refrigerator inside his house. These circumstances depict more than
mere possession of the stolen item. They also depict, on the part of appellant, acts to
conceal the trailer’s location and identity. They further depict appellant’s intent to dispose
of items that would facilitate the trailer’s identification and his involvement with its taking. 
        They also render dubious appellant’s contention that he was simply watching the
trailer for his cousin for several days. Indeed, a rational jury could have reasonably
deduced that one does not dismantle a fence to hide a trailer and remove identifying
information from that trailer if the purported owner is going to pick it up in a day or two.
          In short, the evidence viewed in the light most favorable to the jury’s verdict is
sufficient to allow a rational jury to find, beyond reasonable doubt, that appellant exercised
control over the trailer without the owner’s consent and thereby committed theft. And, as
appellant suggested, there may have been testimony that another had stolen the trailer,
that another had removed the license plate and placed it in appellant’s house though no
one else lived there, and that another may have removed the vehicle’s identification plate
and left it next to where appellant happened to have stood and torn up his insurance card. 
Yet, the jurors were free to assess the credibility of those who were testifying, resolve
evidentiary disputes, and reject the potential for mere coincidence. In other words, they
were not required to buy his story. And, we do not find their rejection of it and their ultimate
verdict so contrary to the overwhelming weight of the evidence as to render the verdict
clearly wrong. Thus, the evidence was, and is, both legally and factually sufficient.
          Motion for Continuance
          Appellant also claims the trial court erred in denying his request, made on the day
of trial, for a continuance so that he could obtain counsel of his own choice. We find only
an oral motion for continuance in the record. An oral or unsworn motion generally
preserves nothing for review. Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App.
1999); Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006) (stating that a criminal action
may be continued on the written motion of the defendant upon sufficient cause shown). 
Thus, we overrule the issue. 
          The judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
Do not publish.