NO. 07-08-0361-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 19, 2009
_____

POLICARPIO ALBERT MADRID III,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 19656-A; HON. HAL MINER, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Policarpio Albert Madrid III, was convicted of stealing property valued between $1,500 and $20,000. He seeks reversal of that conviction by arguing that the evidence is legally and factually insufficient to sustain it and that the trial court abused its discretion in failing to grant his oral motion for continuance. We affirm the judgment.

*Legal and Factual Sufficiency*

In his first two issues, appellant complains of the sufficiency of the evidence. The well-established standards by which we review such complaints are discussed in *Jackson*

*v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006), and their progeny.

Next, appellant complains that the State failed to prove that he "unlawfully appropriated or exercised control over" the trailer that was stolen from a local church and found in his backyard. At best, this supposedly represented the mere possession of stolen goods as opposed to evidence of the theft itself. And, he continues, the "[m]ere possession" of such property does not give rise to a presumption of guilt if reasonably explained. The explanation that he happened to proffer involved his cousin purportedly asking that appellant watch the trailer for several days in exchange for $20. We overrule the issue.

The possession of stolen property may justify an inference of guilt if that possession is personal, recent, and unexplained and involves a conscious assertion of control over the property. *Grant v. State,* 566 S.W.2d 954, 956 (Tex. Crim. App. 1978). If the accused offers an explanation, the record must show that the account is false or unreasonable, *Price v. State,* 902 S.W.2d 677, 680 (Tex. App.–Amarillo 1995, no pet.), and whether the explanation is false or unreasonable is a question of fact. *Dixon v. State,* 43 S.W.3d 548, 552 (Tex. App.–Tyler 2001, no pet.); *Price v. State,* 902 S.W.2d at 680.

In determining whether such an assertion of a right to the trailer was made and whether appellant's explanation for the presence of the trailer was false or unreasonable, the jury had before it the following evidence: 1) the trailer was taken from the church on or about the 3rd of January, 2008, 2) the trailer then was seen in front of appellant's residence on January 3 or 4, 2008, 3) by January 5, it had been moved into the backyard

behind a six-foot high wooden privacy fence, 4) there was no gate on the property through which the trailer could be moved into the backyard, 5) a portion of the fence had to be dismantled to effectuate the move, 6) appellant stated that he and his girlfriend moved it there, 7) four police officers had to dismantle a 16-foot section of the fence to remove the trailer from the backyard, 8) while the officers were investigating the scene, appellant arrived in a Delta 88 car along with two females, 9) the car had a towing hitch capable of pulling the trailer, 10) appellant was told by the officers to wait by the passenger seat of the car momentarily, 11) the location at which appellant waited had been previously searched by an officer, which search had uncovered nothing of note, 12) after appellant was told to move the car, however, one of the identifying plates previously installed on the trailer and torn pieces of appellant's insurance card were discovered adjacent to where appellant had been waiting, 13) appellant admitted he "probably" tore up the insurance documents at some time, and 14) the actual license plate assigned to the trailer was found folded in half on top of appellant's refrigerator inside his house. These circumstances depict more than mere possession of the stolen item. They also depict, on the part of appellant, acts to conceal the trailer's location and identity. They further depict appellant's intent to dispose of items that would facilitate the trailer's identification and his involvement with its taking.

They also render dubious appellant's contention that he was simply watching the trailer for his cousin for several days. Indeed, a rational jury could have reasonably deduced that one does not dismantle a fence to hide a trailer and remove identifying information from that trailer if the purported owner is going to pick it up in a day or two.

In short, the evidence viewed in the light most favorable to the jury's verdict is sufficient to allow a rational jury to find, beyond reasonable doubt, that appellant exercised

3

control over the trailer without the owner's consent and thereby committed theft. And, as appellant suggested, there may have been testimony that another had stolen the trailer, that another had removed the license plate and placed it in appellant's house though no one else lived there, and that another may have removed the vehicle's identification plate and left it next to where appellant happened to have stood and torn up his insurance card. Yet, the jurors were free to assess the credibility of those who were testifying, resolve evidentiary disputes, and reject the potential for mere coincidence. In other words, they were not required to buy his story. And, we do not find their rejection of it and their ultimate verdict so contrary to the overwhelming weight of the evidence as to render the verdict clearly wrong. Thus, the evidence was, and is, both legally and factually sufficient.

*Motion for Continuance*

Appellant also claims the trial court erred in denying his request, made on the day of trial, for a continuance so that he could obtain counsel of his own choice. We find only an oral motion for continuance in the record. An oral or unsworn motion generally preserves nothing for review. *Dewberry v. State,* 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); TEX. CODE CRIM. PROC. ANN. art. 29.03 (Vernon 2006) (stating that a criminal action may be continued on the written motion of the defendant upon sufficient cause shown). Thus, we overrule the issue.

The judgment of the trial court is affirmed.


                                                   Brian Quinn
                                                   Chief Justice

Do not publish.