# NO. 12-08-00374-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TAVAERAS L. KIMBLE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 159TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANGELINA  COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tavaeras L. Kimble appeals his convictions for aggravated sexual assault, kidnapping, and burglary of a habitation.  In two issues, Appellant argues that the evidence is legally insufficient to support his convictions for aggravated sexual assault and burglary of a habitation.  We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated sexual assault, a first degree felony,[1] aggravated kidnapping, a first degree felony,[2] and burglary of a habitation, a second degree felony.[3] Appellant pleaded "not guilty."

At trial, Jane Doe[4] testified that on October 23, 2007, she traveled to the Angelina County

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a), (e) (Vernon Supp. 2009).

[2] *See* TEX. PENAL CODE ANN. § 20.04(a), (c) (Vernon 2003).

[3] *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(2) (Vernon 2003).

[4] In its brief, the State refers to the victim of the offenses as "Jane Doe."  We will do the same in this opinion.

courthouse to sign an application for a protective order against Appellant, and to the police station to obtain copies of offense reports. Then, she decided to visit a friend and pulled into a neighboring driveway. When she attempted to back out of the driveway, a brown vehicle blocked her way and Appellant jumped out of it. According to Jane Doe, Appellant rushed her car, attempted to break the passenger window with his fist, and then threw a rock and broke the window. Jane Doe stated that Appellant jumped through the window, gave her a black eye by head butting her, grabbed her cellular telephone, and bit her in the chest. She testified that she begged Appellant to not make matters worse, and got out of the vehicle. However, Appellant also left the vehicle, hugged her, and fell to his knees professing his love for her. Jane Doe stated that Appellant told her to get in the car, and opened the back door. She stated that she got in the back seat of her vehicle, and asked him to go to the hospital because she believed her arm was broken from the rock thrown through the window of her car.

Jane Doe testified further that Appellant refused to take her to the hospital and began talking about what he could and would do to her. She also testified that Appellant told her he could get her killed. Appellant then drove them to his mother's house and parked in the back yard. Jane Doe stated that Appellant was upset and told her that she needed to tell him the truth because "he would beat [her] and then make [her] drive out of the yard and kill [her], beat [her]. He could kill [her]." She stated that she believed he would do it. After going to a car wash, they returned to his mother's house. Appellant continued to threaten her by talking about how he could "do stuff" to her and that he had some "home boys that lived around him." Then, according to Jane Doe's testimony, she and Appellant went to Appellant's room through the window. While Appellant "tended to" Jane Doe's bites, he told her that he could beat her up in that room, that his mother was not going to say anything, and that if she screamed "or anything," his mother would "call the cops" on her because she was not supposed to be there.

Jane Doe stated that they stayed in Appellant's bedroom for two nights, and that they had sex even though she did not want to. Based on what he had already done to her, she did not know what he would do if she refused to have sex with him, but believed that he would "maybe even kill" her. Jane Doe also testified that Appellant had already caused her bodily harm and injuries, and that she did not believe she had any other choice. On the third day, Appellant and Jane Doe left to obtain a window for her vehicle. Afterwards, they stopped at a grocery store to get money and something to

eat. Jane Doe stated that Appellant stayed in the car. While she was in the grocery store, Jane Doe told a store clerk that she had been kidnapped and asked the clerk to call the police. Shortly thereafter, the police arrived and arrested Appellant.

Jane Doe also testified that on October 11, 2007, she and Appellant had a confrontation at her apartment. While Appellant was looking for a key, she pretended to call the light company from a telephone booth and instead called 911. She told the dispatcher what had occurred, asked that the police meet her at a car wash, gave them her address, and hung up when Appellant came back. When the police arrived, Jane Doe told them that she wanted Appellant to leave. She gathered all of Appellant's belongings and gave them to him. She testified that Appellant was given a criminal trespass warning and left with the police officer. The next day, Jane Doe discovered property missing from her apartment, including a Sony PlayStation 2, a college football PlayStation game, an NBA basketball PlayStation game, a DVD player, a pair of hair clippers, and a movie. She reported the theft to the Lufkin police department. Jamie Jinkins, a detective with the Lufkin Police Department, stated that on October 12, 2007, Jane Doe reported these items stolen from her residence. Detective Jinkins stated that in his investigation of the incident beginning October 23, 2007, he recovered the movie, DVD player, Sony PlayStation 2, and both PlayStation games from Appellant's room. Jane Doe identified these items as those stolen from her apartment. However, Appellant stated that he bought these items at K-Mart, and that, on October 11, the police officer retrieved them from Jane Doe's apartment and gave them to him.

After the trial concluded, the jury found Appellant guilty of aggravated sexual assault, kidnapping,[5] and burglary of a habitation as charged in the indictment. The jury also assessed Appellant's punishment at fifty years of imprisonment and a $10,000 fine for the offense of aggravated sexual assault; ten years of imprisonment and a $5,000 fine for the offense of kidnapping; and five years of imprisonment and a $2,000 fine for the offense of burglary of a habitation. This appeal followed.

## AGGRAVATED SEXUAL ASSAULT

In his first issue, Appellant contends that the evidence is legally insufficient to support his conviction for aggravated sexual assault. More specifically, Appellant argues that there is no

---

[5] According to the verdict form, the jury found Appellant not guilty of the offense of aggravated kidnapping,

3

evidence that any threats were made at or near the time of the sexual assault, that any threats were made to facilitate the sexual assault, or that any level of imminent fear was associated with the sexual assault.

**Standard of Review**

"Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction." *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-88, 61 L. Ed.2d 560 (1979)). The standard of review is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *LaCour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The evidence is viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *LaCour*, 8 S.W.3d at 671. The conviction will be sustained "unless it is found to be irrational or unsupported by more than a 'mere modicum' of the evidence." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility of witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury's domain. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). If a reviewing court finds the evidence legally insufficient to support a conviction, the result is an acquittal. *Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

**Applicable Law**

A person commits the offense of aggravated sexual assault if while committing sexual assault, the person, by acts or words, places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person, or, by acts or words occurring in the presence of the victim threatens to cause the death, serious bodily injury, or kidnapping of any person. *See* TEX. PENAL CODE ANN. § 22.021(a)(1), (2)(A)(ii), (iii) (Vernon Supp. 2009). The fear of "imminent" death or serious bodily injury does not refer to the conditional or unconditional nature of the threat, so long as the threat is of present injury or death, rather than of some future consequence. *Brown v. State*, 960 S.W.2d 265, 268 (Tex. App.–Corpus Christi 1997, no pet.). Further, the term "imminent," as it relates to threats of bodily injury or death in various sections of the penal code, is

---

but guilty of the lesser included offense of kidnapping.

interpreted to mean that such injury or death is "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." ***Id.*** at 268 n.1 (quoting ***Devine v. State***, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989)).

## Analysis

Jane Doe testified that Appellant broke the passenger window of her vehicle with a rock, injuring her arm, head butted her, and bit her. After this confrontation, Appellant told her that he could and would have her killed, and specifically mentioned some "home boys" who lived near him. Further, Jane Doe testified that Appellant said he could "do stuff" to her, and threatened to beat her, make her drive out of the yard, and kill her. He also told her that he could beat her up in his mother's house, that his mother was not going to say anything, and that if she screamed "or anything," his mother would call the police. Jane Doe stated that she had sex with Appellant because she believed she had no choice. She stated that she did not know what Appellant would do if she refused, that he had already injured her, and that she thought he might kill her.

Other than his threat regarding his mother, Appellant's words were unconditional threats of impending death or serious bodily injury to Jane Doe. Appellant's continued and various threats were of death or serious bodily injury that was "near at hand" and "hung threateningly over [Jane Doe's] head." *See **id.*** at 268 n.1. Consequently, we conclude that Appellant placed Jane Doe in fear that death or serious bodily injury would be imminently inflicted upon her. *See **id.*** at 268. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the elements of aggravated sexual assault beyond a reasonable doubt. Therefore, the evidence is legally sufficient to support Appellant's conviction. Appellant's first issue is overruled.

### BURGLARY OF A HABITATION

In his second issue, Appellant argues that the evidence is legally insufficient to support his conviction for burglary of a habitation. He contends that the State offered no proof that the property was stolen or that Jane Doe owned the property. Further, Appellant contends that he offered a reasonable explanation for his possession of the property.

## Applicable Law

A person commits the offense of burglary of a habitation if, without the effective consent of the

owner, the person enters a habitation and commits or attempts to commit a theft. TEX. PENAL CODE ANN. § 30.02(a)(3) (Vernon 2003). A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (Vernon 2003). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b)(1). "Appropriate" means to acquire or otherwise exercise control over property other than real property. *Id.* § 31.01(4)(B). A defendant's exclusive and unexplained possession of property recently stolen permits an inference that the defendant is the one who committed the offense. ***Rollerson v. State***, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); ***Poncio v. State***, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). If a defendant offers an explanation as to his possession of recently stolen property, the record must demonstrate that the defendant's explanation at the time his possession is called into question is either false or unreasonable before the evidence will support a burglary conviction. ***Price v. State***, 902 S.W.2d 677, 680 (Tex. App.–Amarillo 1995, no pet.). An accused's intent at the time of an incident must usually be inferred from circumstantial evidence rather than direct proof. ***Scott v. State***, 202 S.W.3d 405, 408 (Tex. App.–Texarkana 2006, pet. ref'd) (citing ***Hernandez v. State***, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991)).

**Analysis**

Jane Doe testified that on October 11, 2007, she had a confrontation with Appellant that resulted in his receiving a criminal trespass warning. She also stated that she removed all of his belongings from her apartment after the confrontation and gave them to him. Jane Doe testified that she reported items missing from her apartment on October 12, including a Sony PlayStation 2, two games for the PlayStation 2, a DVD player, and a movie. Detective Jinkins confirmed that Jane Doe reported these items missing on October 12. He stated that he found the stolen items in Appellant's room during his investigation of the incident beginning on October 23.

A defendant's exclusive and unexplained possession of property recently stolen permits an inference that the defendant is the one who committed the offense. *See* ***Rollerson***, 227 S.W.3d at 725; ***Poncio***, 185 S.W.3d at 905. Appellant asserts that he bought these items at K-Mart and that the police officer retrieved the items from Jane Doe's apartment and returned them to his possession on October 11. However, there is nothing either in Jane Doe's testimony or in the other evidence in the case to support that assertion. Under the surrounding circumstances, the trier of fact was justified in

6

rejecting Appellant's explanation as both unreasonable and false. *See Price*, 902 S.W.2d at 681. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the elements of burglary of a habitation beyond a reasonable doubt. Therefore, the evidence is legally sufficient to support Appellant's conviction. Appellant's second issue is overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)