No









NO. 12-08-00374-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TAVAERAS
L. KIMBLE,                              §         APPEAL FROM THE 159TH 

APPELLANT

 

V.                                                                         
§    JUDICIAL DISTRICT COURT

 

THE STATE OF TEXAS,                                 

APPELLEE                                                        §     ANGELINA 
COUNTY, TEXAS







MEMORANDUM
OPINION

Tavaeras
L. Kimble appeals his convictions for aggravated sexual assault, kidnapping,
and burglary of a habitation.  In two issues, Appellant argues that the evidence
is legally insufficient to support his convictions for aggravated sexual
assault and burglary of a habitation.  We affirm.

 

Background

Appellant
was charged by indictment with aggravated sexual assault, a first degree
felony,[1] aggravated
kidnapping, a first degree felony,[2] and burglary
of a habitation, a second degree felony.[3] 
Appellant pleaded Anot
guilty.@

At
trial, Jane Doe[4] testified
that on October 23, 2007, she traveled to the Angelina County courthouse to
sign an application for a protective order against Appellant, and to the police
station to obtain copies of offense reports.  Then, she decided to visit a
friend and pulled into a neighboring driveway.  When she attempted to back out
of the driveway, a brown vehicle blocked her way and Appellant jumped out of it.
 According to Jane Doe, Appellant rushed her car, attempted to break the
passenger window with his fist, and then threw a rock and broke the window.  Jane
Doe stated that Appellant jumped through the window, gave her a black eye by head
butting her, grabbed her cellular telephone, and bit her in the chest.  She
testified that she begged Appellant to not make matters worse, and got out of
the vehicle.  However, Appellant also left the vehicle, hugged her, and fell to
his knees professing his love for her.  Jane Doe stated that Appellant told her
to get in the car, and opened the back door.  She stated that she got in the
back seat of her vehicle, and asked him to go to the hospital because she
believed her arm was broken from the rock thrown through the window of her car.


Jane
Doe testified further that Appellant refused to take her to the hospital and
began talking about what he could and would do to her.  She also testified that
Appellant told her he could get her killed.  Appellant then drove them to his mother’s
house and parked in the back yard.  Jane Doe stated that Appellant was upset
and told her that she needed to tell him the truth because “he would beat [her]
and then make [her] drive out of the yard and kill [her], beat [her].  He could
kill [her].” She stated that she believed he would do it.  After going to a car
wash, they returned to his mother’s house.   Appellant continued to threaten
her by talking about how he could “do stuff” to her and that he had some “home
boys that lived around him.”   Then, according to Jane Doe’s testimony, she and
Appellant went to Appellant’s room through the window.  While Appellant “tended
to” Jane Doe’s bites, he told her that he could beat her up in that room, that
his mother was not going to say anything, and that if she screamed “or
anything,” his mother would “call the cops” on her because she was not supposed
to be there.

Jane
Doe stated that they stayed in Appellant’s bedroom for two nights, and that they
had sex even though she did not want to.  Based on what he had already done to
her, she did not know what he would do if she refused to have sex with him, but
believed that he would “maybe even kill” her. Jane Doe also testified that
Appellant had already caused her bodily harm and injuries, and that she did not
believe she had any other choice.  On the third day, Appellant and Jane Doe
left to obtain a window for her vehicle.  Afterwards, they stopped at a grocery
store to get money and something to eat.  Jane Doe stated that Appellant stayed
in the car.  While she was in the grocery store, Jane Doe told a store clerk
that she had been kidnapped and asked the clerk to call the police.  Shortly
thereafter, the police arrived and arrested Appellant.

Jane
Doe also testified that on October 11, 2007, she and Appellant had a confrontation
at her apartment.  While Appellant was looking for a key, she pretended to call
the light company from a telephone booth and instead called 911.  She told the
dispatcher what had occurred, asked that the police meet her at a car wash,
gave them her address, and hung up when Appellant came back. When the police
arrived, Jane Doe told them that she wanted Appellant to leave.  She gathered
all of Appellant’s belongings and gave them to him.  She testified that
Appellant was given a criminal trespass warning and left with the police
officer.  The next day, Jane Doe discovered property missing from her
apartment, including a Sony PlayStation 2, a college football PlayStation game,
an NBA basketball PlayStation game, a DVD player, a pair of hair clippers, and
a movie.  She reported the theft to the Lufkin police department.  Jamie
Jinkins, a detective with the Lufkin Police Department, stated that on October
12, 2007, Jane Doe reported these items stolen from her residence.  Detective
Jinkins stated that in his investigation of the incident beginning October 23,
2007, he recovered the movie, DVD player, Sony PlayStation 2, and both
PlayStation games from Appellant’s room.  Jane Doe identified these items as
those stolen from her apartment.  However, Appellant stated that he bought
these items at K-Mart, and that, on October 11, the police officer retrieved them
from Jane Doe’s apartment and gave them to him.

After
the trial concluded, the jury found Appellant guilty of aggravated sexual
assault, kidnapping,[5] and burglary
of a habitation as charged in the indictment.  The jury also assessed
Appellant’s punishment at fifty years of imprisonment and a $10,000 fine for
the offense of aggravated sexual assault; ten years of imprisonment and a
$5,000 fine for the offense of kidnapping; and five years of imprisonment and a
$2,000 fine for the offense of burglary of a habitation.  This appeal followed.

 

Aggravated Sexual Assault

            In
his first issue, Appellant contends that the evidence is legally insufficient
to support his conviction for aggravated sexual assault.  More specifically,
Appellant argues that there is no evidence that any threats were made at or
near the time of the sexual assault, that any threats were made to facilitate
the sexual assault, or that any level of imminent fear was associated with the
sexual assault.

Standard
of Review

ALegal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction.@ 
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.BSan Antonio 1999, pet. ref=d) (citing Jackson v.
Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-88, 61 L. Ed.2d
560 (1979)).  The standard of review is whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; LaCour
v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000).  The evidence is
viewed in the light most favorable to the verdict.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; LaCour, 8 S.W.3d at 671.  The conviction will be
sustained Aunless it
is found to be irrational or unsupported by more than a >mere modicum=
of the evidence.@  Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  The
jury is the sole judge of the credibility of witnesses and of the weight to be
given their testimony.  Barnes v. State, 876 S.W.2d 316, 321
(Tex. Crim. App. 1994).  Any reconciliation of conflicts and contradictions in
the evidence is entirely within the jury=s
domain.  Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App.
1986).  If a reviewing court finds the evidence legally insufficient to support
a conviction, the result is an acquittal.  Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).   

Applicable
Law

            A
person commits the offense of aggravated sexual assault if while committing
sexual assault, the person, by acts or words, places the victim in fear that
death, serious bodily injury, or kidnapping will be imminently inflicted on any
person, or, by acts or words occurring in the presence of the victim threatens
to cause the death, serious bodily injury, or kidnapping of any person.  See
Tex. Penal Code Ann. § 22.021(a)(1),
(2)(A)(ii), (iii) (Vernon Supp. 2009).  The fear of “imminent” death or serious
bodily injury does not refer to the conditional or unconditional nature of the
threat, so long as the threat is of present injury or death, rather than of
some future consequence. Brown v. State, 960 S.W.2d 265, 268 (Tex. App.–Corpus Christi 1997, no pet.).  Further, the term “imminent,” as it relates to
threats of bodily injury or death in various sections of the penal code, is
interpreted to mean that such injury or death is “ready to take place, near at
hand, impending, hanging threateningly over one’s head, menacingly near.”  Id . at 268 n.1 (quoting Devine v. State, 786 S.W.2d 268, 270
(Tex. Crim. App. 1989)). 

Analysis

            Jane
Doe testified that Appellant broke the passenger window of her vehicle with a
rock, injuring her arm, head butted her, and bit her.  After this
confrontation, Appellant told her that he could and would have her killed, and specifically
mentioned some “home boys” who lived near him. Further, Jane Doe testified that
Appellant said he could “do stuff” to her, and threatened to beat her, make her
drive out of the yard, and kill her.  He also told her that he could beat her
up in his mother’s house, that his mother was not going to say anything, and
that if she screamed “or anything,” his mother would call the police.  Jane Doe
stated that she had sex with Appellant because she believed she had no choice.  She
stated that she did not know what Appellant would do if she refused, that he
had already injured her, and that she thought he might kill her.

Other
than his threat regarding his mother, Appellant’s words were unconditional
threats of impending death or serious bodily injury to Jane Doe.  Appellant’s continued
and various threats were of death or serious bodily injury that was “near at
hand” and “hung threateningly over [Jane Doe’s] head.”  See id.
at 268 n.1.  Consequently, we conclude that Appellant placed Jane Doe in fear
that death or serious bodily injury would be imminently inflicted upon her.  See
id. at 268.  Viewing the evidence in the light most favorable
to the jury=s verdict,
we conclude that a rational trier of fact could have found the elements of
aggravated sexual assault beyond a reasonable doubt.  Therefore, the evidence
is legally sufficient to support Appellant=s
conviction.  Appellant’s first issue is overruled.

 

Burglary  of a Habitation








In
his second issue, Appellant argues that the evidence is legally insufficient to
support his conviction for burglary of a habitation.  He contends that the
State offered no proof that the property was stolen or that Jane Doe owned the
property.  Further, Appellant contends that he offered a reasonable explanation
for his possession of the property.








Applicable
Law

A
person commits the offense of burglary of a habitation if, without the
effective consent of the owner, the person enters a habitation and commits or
attempts to commit a theft.  Tex. Penal
Code Ann. § 30.02(a)(3) (Vernon 2003).  A person commits the offense of
theft if he unlawfully appropriates property with intent to deprive the owner
of property.  Tex. Penal Code Ann. §
31.03(a) (Vernon  2003).  Appropriation of property is unlawful if it is
without the owner=s
effective consent. Id. § 31.03(b)(1).  AAppropriate@ means to acquire or
otherwise exercise control over property other than real property.  Id.
§ 31.01(4)(B).  A defendant=s
exclusive and unexplained possession of property recently stolen permits an
inference that the defendant is the one who committed the offense.  Rollerson
v. State, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); Poncio v.
State, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).  If a defendant
offers an explanation as to his possession of recently stolen property, the
record must demonstrate that the defendant’s explanation at the time his
possession is called into question is either false or unreasonable before the
evidence will support a burglary conviction.  Price v. State, 902
S.W.2d 677, 680 (Tex. App.–Amarillo 1995, no pet.).  An accused=s intent at the time of an
incident must usually be inferred from circumstantial evidence rather than
direct proof.  Scott v. State, 202 S.W.3d 405, 408 (Tex. App.BTexarkana 2006, pet. ref=d) (citing Hernandez
v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991)).  

Analysis








            Jane
Doe testified that on October 11, 2007, she had a confrontation with Appellant
that resulted in his receiving a criminal trespass warning.  She also stated
that she removed all of his belongings from her apartment after the
confrontation and gave them to him.  Jane Doe testified that she reported items
missing from her apartment on October 12, including a Sony PlayStation 2, two
games for the PlayStation 2, a DVD player, and a movie.  Detective Jinkins confirmed
that Jane Doe reported these items missing on October 12.  He stated that he
found the stolen items in Appellant’s room during his investigation of the incident
beginning on October 23.

A
defendant=s exclusive
and unexplained possession of property recently stolen permits an inference
that the defendant is the one who committed the offense.  See Rollerson,
227 S.W.3d at 725; Poncio, 185 S.W.3d at 905.  Appellant asserts
that he bought these items at K-Mart and that the police officer retrieved the
items from Jane Doe’s apartment and returned them to his possession on
October 11.  However, there is nothing either in Jane Doe’s testimony or
in the other evidence in the case to support that assertion.  Under the
surrounding circumstances, the trier of fact was justified in








rejecting
Appellant’s explanation as both unreasonable and false.  See Price,
902 S.W.2d at 681.  Viewing the evidence in the light most favorable to the
jury=s verdict, we
conclude that a rational trier of fact could have found the elements of
burglary of a habitation beyond a reasonable doubt.  Therefore, the evidence is
legally sufficient to support Appellant=s
conviction.  Appellant’s second issue is overruled.

 

Disposition

The
judgment of the trial court is affirmed.

 

                                                                                    James T. Worthen

                                                                                            
Chief Justice

 

 

Opinion delivered November 30,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
See Tex. Penal Code Ann. §
22.021(a), (e) (Vernon Supp. 2009).

 





[2]
See Tex. Penal Code Ann. §
20.04(a), (c) (Vernon 2003).

 





 [3]See Tex. Penal Code Ann. § 30.02(a), (c)(2) (Vernon 2003).





[4]
In its brief, the State refers to the victim of the offenses as “Jane Doe.”  We
will do the same in this opinion.

 





[5]
According to the verdict form, the jury found Appellant not guilty of the
offense of aggravated kidnapping, but guilty of the lesser included offense of
kidnapping.