Opinion filed July 22,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-09-00082-CR & 11-09-00083-CR

                                                    __________

 

                                     OMAR
CARAVEO, Appellant 

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 415th District Court

                                                           Parker
County, Texas

                                    Trial Court Cause Nos.
CR08-0502 & CR08-0503

 



            

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Omar Caraveo of the burglary of Carol Parish’s[1]
habitation and Rebecca Smith’s[2]
habitation and assessed his punishment at confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of sixty years
on each offense.  The jury additionally imposed a fine of $10,000 on each
conviction.  Appellant challenges his convictions and punishments in five issues. 
We affirm.

Background
Facts

Parish
testified that someone forcibly entered her home and unattached garage in Aledo
while she was away at work on May 13, 2008.  Various items of lawn equipment
and her boyfriend’s battery charger were stolen from her garage, and electronic
equipment was stolen from inside her home. 

Smith
testified that someone broke into her home in Aledo on May 15, 2008.  The
person that broke into her home stole various items of electronic equipment and
other items of value.  A bicycle that she had recently purchased for her
daughter and a pair of binoculars were also stolen.  

Robert
Moore, an investigator in the Parker County Sheriff’s Office, testified that he
entered the serial number for the girl’s bicycle stolen from Smith’s house into
a computer service known as “LeadsOnline” that permits law enforcement officers
to search identifying information submitted by pawn shops in Texas with regard
to pawned property.  His search on LeadsOnline indicated that the bicycle had
been pawned at a Cash America Pawn Shop in Fort Worth on May 19, 2008.  His
subsequent investigation revealed that appellant pawned the bicycle at the Cash
America Pawn Shop along with a pair of binoculars, a battery charger, and a
toolbox.  Smith positively identified the bicycle and binoculars as being items
stolen from her home, and Parish and her boyfriend positively identified the
battery charger as being the battery charger stolen from her home.

Ricky
Cajero is an employee of the Cash America Pawn Shop where the stolen items
referenced above were pawned.  He testified that he waited on appellant when he
pawned the items on May 19, 2008.  He positively identified appellant as the
person that pawned the items. 

Sufficiency of the Evidence

Appellant challenges the legal and factual sufficiency of the evidence in his second, third, fourth, and fifth issues.[3]
 To determine if the evidence is legally
sufficient, we must review all of the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
To determine if the evidence is factually
sufficient, the appellate court reviews all of the
evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000);
Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing
court determines whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.  The finder of fact
is the sole judge of the weight and credibility of the witnesses’ testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).

Appellant’s legal and factual
sufficiency arguments in both cases focus on the application of the well-settled rule that a defendant’s unexplained possession of property recently stolen
in a burglary permits an inference that the defendant is the one who committed
the burglary.  See Rollerson v. State, 227 S.W.3d 718, 725 (Tex. Crim.
App. 2007); Poncio v. State, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006) (Defendant’s exclusive and unexplained possession of property recently stolen in a
burglary in conjunction with the fact that he pawned the property very close to
the burgled home are sufficient to support his conviction for burglary of a
habitation.).  We note in this regard that the application of such an inference has been held not to violate the due process requirements of the federal
constitution.  Barnes v. United States, 412 U.S. 837 (1973).   The State
relies upon this inference to establish appellant’s guilt for the burglaries of
Parish’s and Smith’s homes.  

Appellant contends that the
inference is inapplicable to his convictions because there is no evidence that he was asked to give an explanation after the property was discovered and no
evidence that he gave such an explanation.  He cites Hood v. State, 860 S.W.2d 931, 937 (Tex. App.—Texarkana 1993, no pet.), in support of the
proposition.  Hood appears to suggest that the inference cannot be
relied upon if there is no evidence that the defendant was given the
opportunity but failed to give a reasonable explanation for his possession of
the stolen property.  See also Price v. State, 902 S.W.2d 677,
680 (Tex. App.—Amarillo 1995, no pet.).  We previously rejected the holdings
suggested by Price and Hood in Foster v. State, No.
11-04-00252-CR, 2005 WL 2401882, at *2 (Tex. App.—Eastland Sept. 29, 2005, pet.
ref’d).  For the reasons set out in Foster, we reaffirm our holding that
evidence that a burglary was recently committed and that the defendant was in
recent possession of property stolen in the burglary, together with no evidence
of a reasonable explanation for the defendant’s possession of the property
given at the time of arrest or at the time he was found to be in possession of
the stolen property, is legally and factually sufficient evidence to support
the defendant’s conviction for burglary.  See Hardesty v. State, 656
S.W.2d 73, 75 (Tex. Crim. App. 1983).  

The evidence offered at trial
established that Parish’s and Smith’s homes were  burglarized and that
appellant was in recent possession of items stolen from both homes. 
Furthermore, there is no evidence of a reasonable explanation for appellant’s
possession of the items stolen from Parish’s and Smith’s homes.  The inference
arising from these facts constitutes legally and factually sufficient evidence
of appellant’s guilt.  See Foster, 2005 WL 2401882, at *2.   Appellant’s
second, third, fourth, and fifth issues are overruled.

Procedure
for Offering Unadjudicated Offense During Punishment Phase

In his first issue, appellant
contends that the trial court erred in admitting evidence of an extraneous
offense during the punishment phase without conducting a preliminary hearing
outside the jury’s presence to determine its admissibility.  The State called
Jeff Kay as a witness during the punishment phase to testify about an encounter
between him and appellant occurring on January 8, 2008, at a Wal-Mart in Fort
Worth.  Appellant requested the trial court to conduct a hearing outside of the
jury’s presence prior to Kay’s testimony so that the court could determine if
his testimony was admissible pursuant to Tex.
Code Crim. Proc. Ann. art. 37.07 (Vernon Supp. 2009).  The trial court
denied appellant’s request.  Kay subsequently testified that he is an asset
protection associate for Wal-Mart.  He testified that he observed appellant
conceal a car amplifier and a watch and then leave the store without paying for
the items.  He additionally testified that appellant took a swipe at his face
with a box cutter when Kay confronted appellant as he was leaving the store.

A trial court’s decision to admit extraneous offense evidence during the punishment
phase is reviewed under an abuse of discretion standard.  Mitchell v. State,
931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  The trial court’s decision will
not be overturned unless it is found to be outside the zone of reasonable
disagreement. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). 
Extraneous offense evidence may be offered during the sentencing phase to
assist the jury in determining punishment and is admissible “as to any matter
the court deems relevant to sentencing, including but not limited to . . .
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant.”  Article 37.07, section
3. 

Article 37.07 does not require a trial court to conduct a hearing outside the jury’s
presence to determine the admissibility of extraneous offenses during the
punishment phase.  See Welch v. State, 993 S.W.2d 690, 697 (Tex. App.—San
Antonio 1999, no pet.).  The trial court must determine the threshold issue of
admissibility by determining whether the extraneous offense is relevant. Mitchell,
931 S.W.2d at 953. After the trial court finds the extraneous evidence
relevant, the jury, as the factfinder, must then determine whether the State
has satisfied its burden to prove the extraneous acts beyond a reasonable
doubt.  Id.

When
appellant requested a preliminary hearing to determine the admissibility of
Kay’s testimony, appellant’s counsel specifically stated that the purpose of
the hearing would be “to make sure that such evidence meets the beyond a reasonable
doubt standard of proving unadjudicated offenses.”  As noted in Mitchell,
this is a function for the jury to perform rather than a threshold issue of
admissibility for the trial court to resolve.  Accordingly, the trial court did
not abuse its discretion in overruling appellant’s request to conduct a
preliminary examination of Kay under Article 37.07.  In this regard, there was
information before the trial court for it to determine that Kay’s anticipated
testimony about an unadjudicated offense involving appellant was relevant to
punishment.  Furthermore, even if the trial court erred, there was no harm.  Appellant
does not argue that the State failed to prove the offenses beyond a reasonable
doubt, and Kay’s testimony identifying appellant as the perpetrator of the
unadjudicated offense was unequivocal.  Appellant’s first issue is overruled.

This
Court’s Ruling

             The judgments of the
trial court are affirmed.

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

July 22, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]11-09-00082-CR.

 





                [2]11-09-00083-CR.

 





                [3]Appellant’s second and third issues challenge the legal
and factual sufficiency of the evidence supporting his conviction in Cause No.
11-09-00082-CR.  His fourth and fifth issues address the legal and factual
sufficiency of the evidence supporting his conviction in Cause No.
11-09-00083-CR.  We will address the issues together because of the common
issue that they each share.