**Opinion filed July 22, 2010**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-09-00082-CR & 11-09-00083-CR

_____

## OMAR CARAVEO, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 415th District Court**
**Parker County, Texas**
**Trial Court Cause Nos. CR08-0502 & CR08-0503**

## M E M O R A N D U M   O P I N I O N

The jury convicted Omar Caraveo of the burglary of Carol Parish's[1] habitation and Rebecca Smith's[2] habitation and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of sixty years on each offense. The jury additionally imposed a fine of $10,000 on each conviction. Appellant challenges his convictions and punishments in five issues. We affirm.

---

[1] 11-09-00082-CR.

[2] 11-09-00083-CR.

*Background Facts*

Parish testified that someone forcibly entered her home and unattached garage in Aledo while she was away at work on May 13, 2008. Various items of lawn equipment and her boyfriend's battery charger were stolen from her garage, and electronic equipment was stolen from inside her home.

Smith testified that someone broke into her home in Aledo on May 15, 2008. The person that broke into her home stole various items of electronic equipment and other items of value. A bicycle that she had recently purchased for her daughter and a pair of binoculars were also stolen.

Robert Moore, an investigator in the Parker County Sheriff's Office, testified that he entered the serial number for the girl's bicycle stolen from Smith's house into a computer service known as "LeadsOnline" that permits law enforcement officers to search identifying information submitted by pawn shops in Texas with regard to pawned property. His search on LeadsOnline indicated that the bicycle had been pawned at a Cash America Pawn Shop in Fort Worth on May 19, 2008. His subsequent investigation revealed that appellant pawned the bicycle at the Cash America Pawn Shop along with a pair of binoculars, a battery charger, and a toolbox. Smith positively identified the bicycle and binoculars as being items stolen from her home, and Parish and her boyfriend positively identified the battery charger as being the battery charger stolen from her home.

Ricky Cajero is an employee of the Cash America Pawn Shop where the stolen items referenced above were pawned. He testified that he waited on appellant when he pawned the items on May 19, 2008. He positively identified appellant as the person that pawned the items.

*Sufficiency of the Evidence*

Appellant challenges the legal and factual sufficiency of the evidence in his second, third, fourth, and fifth issues.[3] To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007);

---

[3]Appellant's second and third issues challenge the legal and factual sufficiency of the evidence supporting his conviction in Cause No. 11-09-00082-CR. His fourth and fifth issues address the legal and factual sufficiency of the evidence supporting his conviction in Cause No. 11-09-00083-CR. We will address the issues together because of the common issue that they each share.

*Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The finder of fact is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

Appellant's legal and factual sufficiency arguments in both cases focus on the application of the well-settled rule that a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *See Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006) (Defendant's exclusive and unexplained possession of property recently stolen in a burglary in conjunction with the fact that he pawned the property very close to the burgled home are sufficient to support his conviction for burglary of a habitation.). We note in this regard that the application of such an inference has been held not to violate the due process requirements of the federal constitution. *Barnes v. United States*, 412 U.S. 837 (1973). The State relies upon this inference to establish appellant's guilt for the burglaries of Parish's and Smith's homes.

Appellant contends that the inference is inapplicable to his convictions because there is no evidence that he was asked to give an explanation after the property was discovered and no evidence that he gave such an explanation. He cites *Hood v. State*, 860 S.W.2d 931, 937 (Tex. App.—Texarkana 1993, no pet.), in support of the proposition. *Hood* appears to suggest that the inference cannot be relied upon if there is no evidence that the defendant was given the opportunity but failed to give a reasonable explanation for his possession of the stolen property. *See also Price v. State*, 902 S.W.2d 677, 680 (Tex. App.—Amarillo 1995, no pet.). We previously rejected the holdings suggested by *Price* and *Hood* in *Foster v. State*, No. 11-04-00252-CR, 2005 WL 2401882, at *2 (Tex. App.—Eastland Sept. 29, 2005, pet. ref'd). For the

reasons set out in *Foster*, we reaffirm our holding that evidence that a burglary was recently committed and that the defendant was in recent possession of property stolen in the burglary, together with no evidence of a reasonable explanation for the defendant's possession of the property given at the time of arrest or at the time he was found to be in possession of the stolen property, is legally and factually sufficient evidence to support the defendant's conviction for burglary. *See Hardesty v. State*, 656 S.W.2d 73, 75 (Tex. Crim. App. 1983).

The evidence offered at trial established that Parish's and Smith's homes were burglarized and that appellant was in recent possession of items stolen from both homes. Furthermore, there is no evidence of a reasonable explanation for appellant's possession of the items stolen from Parish's and Smith's homes. The inference arising from these facts constitutes legally and factually sufficient evidence of appellant's guilt. *See Foster*, 2005 WL 2401882, at *2. Appellant's second, third, fourth, and fifth issues are overruled.

*Procedure for Offering Unadjudicated Offense During Punishment Phase*

In his first issue, appellant contends that the trial court erred in admitting evidence of an extraneous offense during the punishment phase without conducting a preliminary hearing outside the jury's presence to determine its admissibility. The State called Jeff Kay as a witness during the punishment phase to testify about an encounter between him and appellant occurring on January 8, 2008, at a Wal-Mart in Fort Worth. Appellant requested the trial court to conduct a hearing outside of the jury's presence prior to Kay's testimony so that the court could determine if his testimony was admissible pursuant to TEX. CODE CRIM. PROC. ANN. art. 37.07 (Vernon Supp. 2009). The trial court denied appellant's request. Kay subsequently testified that he is an asset protection associate for Wal-Mart. He testified that he observed appellant conceal a car amplifier and a watch and then leave the store without paying for the items. He additionally testified that appellant took a swipe at his face with a box cutter when Kay confronted appellant as he was leaving the store.

A trial court's decision to admit extraneous offense evidence during the punishment phase is reviewed under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). The trial court's decision will not be overturned unless it is found to be outside the zone of reasonable disagreement. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). Extraneous offense evidence may be offered during the sentencing phase to assist the jury in determining punishment and is admissible "as to any matter the court deems relevant

to sentencing, including but not limited to . . . evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant." Article 37.07, section 3.

Article 37.07 does not require a trial court to conduct a hearing outside the jury's presence to determine the admissibility of extraneous offenses during the punishment phase. *See Welch v. State*, 993 S.W.2d 690, 697 (Tex. App.—San Antonio 1999, no pet.). The trial court must determine the threshold issue of admissibility by determining whether the extraneous offense is relevant. *Mitchell*, 931 S.W.2d at 953. After the trial court finds the extraneous evidence relevant, the jury, as the factfinder, must then determine whether the State has satisfied its burden to prove the extraneous acts beyond a reasonable doubt. *Id.*

When appellant requested a preliminary hearing to determine the admissibility of Kay's testimony, appellant's counsel specifically stated that the purpose of the hearing would be "to make sure that such evidence meets the beyond a reasonable doubt standard of proving unadjudicated offenses." As noted in *Mitchell*, this is a function for the jury to perform rather than a threshold issue of admissibility for the trial court to resolve. Accordingly, the trial court did not abuse its discretion in overruling appellant's request to conduct a preliminary examination of Kay under Article 37.07. In this regard, there was information before the trial court for it to determine that Kay's anticipated testimony about an unadjudicated offense involving appellant was relevant to punishment. Furthermore, even if the trial court erred, there was no harm. Appellant does not argue that the State failed to prove the offenses beyond a reasonable doubt, and Kay's testimony identifying appellant as the perpetrator of the unadjudicated offense was unequivocal. Appellant's first issue is overruled.

*This Court's Ruling*

The judgments of the trial court are affirmed.

TERRY McCALL<br>JUSTICE

July 22, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.